BLACK v RASILE

Docket No. 46621. Submitted October 7, 1980, at Grand Rapids.—
Decided December 4, 1980. Leave to appeal denied, 411 Mich
987 (1981).

Donna M. Black, a Michigan resident, brought a paternity action
against Robert Rasile, a Georgia resident, in Marquette Circuit
Court. Defendant was personally served in Georgia. He moved
for accelerated judgment on the ground that the court lacked
personal jurisdiction over him. Defendant's motion was denied,
John E. McDonald, J. Defendant appealed by leave granted.
*Held:*

Jurisdiction was premised on the long-arm statute, which
requires the doing or causing an act to be done, or conse-
quences to occur, in the state resulting in an action for tort.
The phrase "action for tort" should be construed as including
statutory causes of action because a tort is a breach of a
noncontractual legal duty, the source of which may be statu-
tory as well as common law. The statutory cause of action is
not triggered by the father's participation in the act of concep-
tion, but by his subsequent failure or refusal to pay the costs of
confinement and birth and the necessary support of the child.
The failure to pay the enumerated costs and the child's support
is thus the tortious act which occurs within the state. The trial
court did not err in finding personal jurisdiction over defendant
by application of the long-arm statute.

Affirmed and remanded for further proceedings.

1. MOTIONS AND ORDERS — ACCELERATED JUDGMENTS.
A court must accept as true all well-pleaded facts of the nonmov-
ing party in ruling on a motion for accelerated judgment.

REFERENCES FOR POINTS IN HEADNOTES
[1] 61A Am Jur 2d, Pleading §§ 230, 231.
[2] 62 Am Jur 2d, Process § 88.
Construction and application of State Statute or rules of court
predicating in personam jurisdiction over nonresidents or foreign
corporations on the commission of a tort within the state. 24
ALR3d 532.
[3] 10 Am Jur 2d, Bastards §§ 76, 77, 81.
Long-arm statutes, obtaining jurisdiction over nonresident parent in
filiation or support proceedings. 76 ALR3d 708.

2. Courts — Jurisdiction — Long-Arm Statute — Action for Tort
   — Statutory Cause of Action.

    The phrase "action for tort" in the Michigan long-arm statute
   should be construed as including statutory causes of action
   because a tort is a breach of a noncontractual legal duty, the
   source of which may be statutory as well as common law (MCL
   600.705[2]; MSA 27A.705[2]).

3. Parent and Child — Paternity Act — Jurisdiction — Long-
   Arm Statute.

    The fact that a child is conceived outside the State of Michigan
   does not bar a paternity action by a Michigan mother in
   Michigan courts against the putative father because the statu-
   tory cause of action is not triggered by the father's participa-
   tion in the act of conception but by his subsequent failure or
   refusal to pay the costs of confinement and birth and the
   necessary support of the child; the failure to pay the enumer-
   ated costs and the child's support is the tortious act which
   occurs within the state, triggering the application of the long-
   arm statute and bringing the putative father under the juris-
   diction of the Michigan courts (MCL 600.705[2], 722.712[a],
   722.714[a]; MSA 27A.705[2], 25.492[a], 25.494[a]).

*Stephen Greenleaf,* for plaintiff.

*Jason, Jason & Finkbeiner, P.C.,* for defendant.

Before: J. H. Gillis, P.J., and Bashara and Cy-
nar, JJ.

Per Curiam. This is a paternity suit filed by
plaintiff, a Michigan resident, against defendant, a
Georgia resident. After being personally served in
Georgia, defendant moved for accelerated judg-
ment on the ground that the Marquette County
Circuit Court lacked personal jurisdiction over the
defendant. GCR 1963, 116.1(1). The motion was
denied, and defendant appeals under GCR 1963,
806.4(1), by leave granted on February 20, 1980.

The issue presented on appeal is whether the
circuit court erred in finding personal jurisdiction
over defendant since he was neither present nor

domiciled in Michigan when he was served and he has not consented to the jurisdiction of the court. Jurisdiction was premised on the long-arm statute, MCL 600.705(2); MSA 27A.705(2): "The doing or causing an act to be done, or consequences to occur, in the state resulting in an action for tort".

On a motion for accelerated judgment, the court must accept as true all well-pleaded facts of the nonmoving party. *Robards v Estate of Leopold J Kantzler,* 98 Mich App 414, 416; 296 NW2d 265 (1980). Plaintiff herein alleged that the child was conceived in Green Bay, Wisconsin, or Marquette, Michigan, that the child was born in Michigan and continues to reside within the state, and that defendant is the father. Under the Paternity Act, 1956 PA 205, as amended, MCL 722.711 *et seq.;* MSA 25.491 *et seq.,* plaintiff asked the court to adjudge defendant to be the father of the child and to order payment of the costs of pregnancy and child birth and of the maintenance, support and education of the child until the child is 18 years of age. See MCL 722.712(a); MSA 25.492(a).

The first question to be resolved is whether a statutory cause of action can serve as the basis for tort. By way of an answer in the affirmative, we note the court's statement in *Overby v Johnson,* 418 F Supp 471, 472-473 (ED Mich, 1976), that the phrase "action for tort" in MCL 600.705(2); MSA 27A.705(2) should be construed as including statutory causes of action because a tort is a breach of a noncontractual legal duty, the source of which may be statutory as well as common law.

The second question, which arises under the long-arm statute, is whether defendant caused "an act to be done, or consequences to occur, in the state resulting in an action for tort". In this regard, we first note that, by statute, "[t]he fact

that the child was conceived * * * outside of this state shall not be a bar to entering a complaint against the putative father". MCL 722.714(a); MSA 25.494(a). The likely basis for this provision is that the statutory cause of action is not triggered by the father's participation in the act of conception but by his subsequent failure or refusal to pay the costs of confinement and birth and the necessary support of the child. MCL 722.712(a); MSA 25.492(a). The failure to pay the enumerated costs and the child's support is thus the tortious act which occurs within the state. See, *e.g., Poindexter v Willis,* 87 Ill App 2d 213, 216-218; 231 NE2d 1 (1967), *Nelson v Nelson,* 298 Minn 438, 441-442; 216 NW2d 140 (1974).

After *Poindexter v Willis, supra,* was decided, plaintiff sought to enforce the Illinois judgment against the defendant father by proceeding in an Ohio court. *Poindexter v Willis,* 23 Ohio Misc 199; 256 NE2d 254 (1970). The following excerpt from the Ohio court's opinion reflects our thinking on the matter:

"* * * [I]t is clear upon the record that defendant had minimum contacts with the [S]tate of Illinois. For the purposes of this decision, the facts unequivocally show that the defendant, by becoming the father of the * * * child born to plaintiff brought into play the effect of the Illinois law. That law imposed upon him a duty to support his * * * child. This required performance in Illinois, that is, some measure of monetary support. His failure to do so was a breach of duty imposed by Illinois law and such failure obviously occurred in Illinois. The child could be supported nowhere else, since it was a citizen and resident of Illinois.

"* * * Furthermore it can reasonably be argued that the [S]tate of Illinois had a significant interest in this litigation because this child and the mother are residents of the state. Certainly it has an interest in the

welfare of the child. The burden could fall upon the state." *Id.,* 209-210.

Affirmed and remanded for proceedings consistent with this opinion.