HILLSDALE COUNTY DEPARTMENT OF SOCIAL SERVICES v
LEE

Docket No. 108584. Submitted December 2, 1988, at Lansing. Decided
February 21, 1989.

The Hillsdale County Department of Social Services and Tracy
Lee brought an action in Hillsdale Circuit Court against plain-
tiff Lee's former husband, Terrence Clayton Lee, seeking the
payment of support for the Lees' child pursuant to the Family
Support Act. The Lees were married in Texas and had their
child in Arizona, where defendant obtained a divorce after
plaintiff Lee moved with the child to Michigan. Defendant
continued to reside in Arizona. Defendant moved for summary
disposition, alleging that the court lacked personal jurisdiction
over him. The trial court, Harvey W. Moes, J., denied defen-
dant's motion and ordered payment of child support. Defendant
appealed.

The Court of Appeals *held:*

In order for a state to obtain long-arm jurisdiction over a
nonresident defendant, the defendant must have purposely
established minimum contacts in the forum state in such a way
that the maintenance of the suit will not offend traditional
notions of fair play and substantial justice. The defendant's
conduct and connection with the forum state must have been
such that the defendant should have reasonably anticipated
being haled into court there. In this case, plaintiffs failed to
establish the requisite minimum contacts between defendant
and the State of Michigan.

Reversed.

MURPHY, J., concurred in the result only.

1. COURTS — LONG-ARM JURISDICTION — DUE PROCESS.

In order for a state to obtain long-arm jurisdiction over a nonresi-
dent defendant, the defendant must have purposely established
minimum contacts in the forum state in such a way that the

REFERENCES

Am Jur 2d, Process §§ 75, 77, 79.

Long-arm statutes: obtaining jurisdiction over nonresident parent in
filiation or support proceeding. 76 ALR3d 708.

maintenance of the suit will not offend traditional notions of fair play and substantial justice; the defendant's conduct and connection with the forum state must have been such that the defendant should have reasonably anticipated being haled into court there (US Const, Am XIV).

2. PARENT AND CHILD — CHILD SUPPORT — LONG-ARM JURISDICTION.

In an action for support brought in a Michigan court pursuant to the Family Support Act against a defendant who is not a resident of Michigan, the plaintiff must establish that sufficient minimum contacts exist between the defendant and the State of Michigan so as to allow a proper exercise of long-arm jurisdiction; residence by the plaintiff parent and the child in Michigan, by itself, does not constitute sufficient minimum contact between the defendant and the State of Michigan (MCL 552.451 *et seq.*; MSA 25.222[1] *et seq.*).

*Roy Brandes,* for plaintiffs.

*James O. Marks,* for defendant.

Before: SHEPHERD, P.J., and MURPHY and T. GILLESPIE,* JJ.

SHEPHERD, P.J. Defendant, an Arizona resident, appeals as of right from an April 12, 1988, order directing him to pay child support. Defendant claims that, because the circuit court lacked personal jurisdiction over him, its denial of defendant's motion for summary disposition was improper and its support order invalid. We agree.

A motion for summary disposition based on a lack of personal jurisdiction is resolved based on the pleadings and the evidentiary support submitted by the parties. MCR 2.116(C)(1) and (G)(5). Evidentiary support is required where the grounds asserted do not appear on the face of the pleadings. MCR 2.116(G)(3)(a). Although the parties here did not submit any evidentiary support on the jurisdiction issue, we deduce from the record suffi-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

cient undisputed facts to review the issue. The burden to establish jurisdictional facts was on the plaintiff. *Gardner v McDonagh,* 124 Mich App 253; 333 NW2d 568 (1983); *Avery v American Honda Motor Car Co,* 120 Mich App 222, 225; 327 NW2d 447 (1982), lv den 417 Mich 1100.49 (1983).

Plaintiff Tracy Lee and defendant were married in Texas. Sometime thereafter, they moved to Arizona where their only child was born on February 7, 1985. Plaintiff and defendant separated in 1986. After plaintiff left with their child, defendant initiated divorce proceedings in Arizona and was granted a divorce. Although the divorce decree is not part of the record, it appears that the Arizona court reserved jurisdiction to decide child custody and support issues because plaintiff's whereabouts were unknown.

The plaintiff mother moved to Michigan, where she sought financial assistance for herself and her child through the coplaintiff, Hillsdale County Department of Social Services (hereafter department). In an effort to obtain support from defendant, the department initiated an action under the Revised Uniform Reciprocal Enforcement of Support Act (RURESA), MCL 780.151 *et seq.*; MSA 25.225(1) *et seq.* Unable to obtain satisfactory progress on the RURESA action in Arizona, the department dismissed the action without prejudice and initiated the present action on behalf of the plaintiff mother for child support under the Family Support Act, MCL 552.451 *et seq.*; MSA 25.222(1) *et seq.* After the defendant father was served in Arizona, he moved for summary disposition based on the circuit court's lack of personal jurisdiction over him. Following arguments by the parties' attorneys on the motion, the circuit court ordered defendant to pay child support of $30 per week, stating: "We'll send it out to Arizona and let your

client [defendant] fight it out out there." On May 17, 1988, the circuit court ordered income withholding from defendant's wages to pay the child support.

On appeal, the defendant father continues to argue that the circuit court lacked personal jurisdiction over him under the Due Process Clause of US Const, Am XIV. By contrast, plaintiffs, Tracy Lee and the department, argue that the "minimum contacts" requirement for personal jurisdiction over nonresidents was satisfied because defendant's failure to pay child support came within the long-arm statute's provision providing that a court may exercise limited jurisdiction over an individual when the individual causes "an act to be done, or consequences to occur, in the state resulting in an action for tort." MCL 600.705(2); MSA 27A.705(2).

Plaintiff's position is supported by *Black v Rasile,* 113 Mich App 601; 318 NW2d 475 (1980), lv den 411 Mich 987 (1981) (a paternity action), which adopted the position of other state courts interpreting the "tortious act" language of their state long-arm statutes. In particular, the *Black* Court adopted the rationale of an Illinois appeals court, *Poindexter v Willis,* 87 Ill App 2d 213; 231 NE2d 1 (1967) (holding that the word "tort" is not technically construed and, hence, a father's breach of the statutory duty to pay child support for his illegitimate child constitutes a tortious act within the meaning of the statute), as well as an Ohio court decision enforcing the *Poindexter* decision. See *Poindexter v Willis,* 23 Ohio Misc 199; 256 NE2d 254 (Montgomery Co Common Pleas, 1970). Nevertheless, whether or not the decision of the Illinois court in *Poindexter* is a proper construction of the "tort" language in a long-arm statute is far from settled. See Anno: *Long-arm statutes:*

*obtaining jurisdiction over nonresident parent in filiation or support proceeding,* 76 ALR3d 708, and *Florida ex rel Luke v Wright,* 522 So 2d 838 (Fla, 1988) (failure to pay child support is only an ancillary issue to a paternity proceeding and cannot be considered a tort until a duty to provide such support is established by law).

For purposes of this appeal, we need not decide whether we agree with the *Black* Court's conclusion that a failure to pay child support constitutes a tort within the meaning of Michigan's long-arm statute since we are satisfied that an exercise of personal jurisdiction over the defendant would not comport with constitutional due process. Although the long-arm statutes of Michigan and other states having similar statutes, e.g., Illinois, have generally been construed by the state courts as extending jurisdiction to the farthest limits permitted by due process, *Sifers v Horen,* 385 Mich 195, 199; 188 NW2d 623 (1971), the courts have resolved the constitutional and statutory questions separately. Hence, the Illinois Supreme Court in *People ex rel Mangold v Flieger,* 106 Ill 2d 546; 88 Ill Dec 640; 478 NE2d 1366 (1985), expressly declined to consider whether a failure to support constitutes the commission of a tortious act within the meaning of the Illinois long-arm statute where the defendant lacked sufficient minimum contacts with this state so as to satisfy the requirements of due process. The defendant's only contact with Illinois, as in this case, was the fact that the child and mother then resided in Illinois.

In *Witbeck v Bill Cody's Ranch Inn,* 428 Mich 659, 666; 411 NW2d 439 (1987), our Supreme Court similarly declined to consider issues requiring a construction of Michigan's long-arm statute where the exercise of jurisdiction would violate US Const,

Am XIV. The due process analysis applied was described as follows:

> The Due Process Clause of the Fourteenth Amendment "does not contemplate that a state may make binding a judgment in personam against an individual or a corporate defendant with which the state has no contacts, ties, or relations." *Int'l Shoe Co v Washington,* 326 US 310, 319; 66 S Ct 154; 90 L Ed 95; 161 ALR 1057 (1945). The "constitutional touchstone" is whether the defendant purposefully established "minimum contacts" in the forum state "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Id.,* 316. *Burger King Corp v Rudzewicz,* 471 US 462, 474; 105 S Ct 2174; 85 L Ed 2d 528 (1985).
>
> The foreseeability of causing injury in another state is not a "sufficient benchmark" for exercising personal jurisdiction over an out-of-state defendant who has not consented to suit there. *World-Wide Volkswagen Corp v Woodson,* 444 US 286, 295; 100 S Ct 559; 62 L Ed 2d 490 (1980); *Khalaf v Bankers & Shippers Ins Co,* 404 Mich 134, 145; 273 NW2d 811 (1978). Rather, "the foreseeability that is critical to due process analysis . . . is that the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into Court there." *World-Wide Volkswagen Corp, supra,* 297. [428 Mich 666-667.]

The focus of this due process analysis is primarily on the defendant, rather than the plaintiff. *Id.,* p 668. It is only when the purposeful availment threshold has been satisfied that it becomes necessary to decide whether an exercise of personal jurisdiction, if based on the defendant's contacts and weighed in light of other factors, would comport with notions of fair play and substantial justice. *Id.,* p 669.

The threshold requirement of purposeful avail-

ment was not established by the plaintiffs in this case. The only fact established was that the plaintiff mother and child resided in Michigan. The fact that they resided in Michigan was not caused by any act of the defendant. Defendant's actions do not constitute the "minimum contacts" with Michigan necessary to justify the maintenance of this action under the federal Due Process Clause. Since personal jurisdiction was lacking, we reverse the support order. Although the department may be dissatisfied with the RURESA action, that is the method which must be used. Compare *Fitzwater v Fitzwater,* 97 Mich App 92; 294 NW2d 249 (1980), which held that neither the Family Support Act nor the Uniform Reciprocal Enforcement of Support Act grants in personam jurisdiction over a nonresident party who is not otherwise subject to the jurisdiction of Michigan courts. The real problem in matters such as this is that some states do not take RURESA cases seriously. Perhaps federal legislation is required that would encourage or force states to handle these cases in a manner that adequately protects children and prevents them from falling into poverty as a result of the indifference of a parent and of a state agency, here the agency in Arizona. We regret that we cannot remedy this problem, but we cannot authorize an unconstitutional use of the Michigan courts.

Reversed.

MURPHY, J., concurs in result only.