GOOLEY v JEFFERSON BEACH MARINA, INC

Docket No. 105069. Submitted December 12, 1988, at Lansing. Decided May 2, 1989.

Plaintiff, Donald K. Gooley, went to Jefferson Beach Marina, Inc., in St. Clair Shores, Michigan, seeking to purchase a 1986 Wellcraft boat for delivery within one week. The Jefferson Beach Marina said it could not procure the boat on such short notice but plaintiff informed the marina that he had seen the boat at a boat show and it could be obtained from Pompano Marine-Blue Lagoon, Inc., in Florida. Jefferson Beach Marina telephoned Blue Lagoon and purchased the boat. The boat was shipped to Jefferson Beach Marina and then delivered to plaintiff. Plaintiff thereafter brought a breach of warranty action in the Macomb Circuit Court against Jefferson Beach Marina alleging various product defects and missing equipment. Jefferson Beach Marina filed a third-party complaint against Blue Lagoon. Blue Lagoon moved for dismissal based on a lack of personal jurisdiction. The evidence showed that the boat transaction was an isolated incident, that the excessive majority of Blue Lagoon's business was in Florida, that Blue Lagoon did not advertise or transact business in Michigan, and that the boat in question never appeared at any boat show in Michigan. The trial court, Michael D. Schwartz, J., denied the motion after finding that limited personal jurisdiction was proper under Michigan's long-arm statute, MCL 600.715; MSA 27A.715. Blue Lagoon's application for leave to appeal was thereafter denied by the Court of Appeals. Blue Lagoon then sought leave to appeal to the Supreme Court which, in lieu of granting leave to appeal, remanded the case to the Court of Appeals for consideration as on leave granted, 429 Mich 879 (1987).

The Court of Appeals held:

1. The trial court erred in denying Blue Lagoon's motion to

REFERENCES

Am Jur 2d, Process §§ 75-82.

"Minimum contacts" requirement of Fourteenth Amendment's due process clause for state court's assertion of jurisdiction over nonresident defendant. 62 L Ed 2d 853.

quash service for lack of personal jurisdiction. The exercise of limited personal jurisdiction under the facts of this case would violate the due process clause of the United States Constitution. The isolated sales transaction in this case was not sufficient to subject Blue Lagoon to limited personal jurisdiction.

2. The constitutional touchstone is whether the defendant purposefully established minimum contacts in Michigan such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice. The foreseeability of causing injury in Michigan is not a sufficient benchmark for exercising personal jurisdiction over an out-of-state defendant who has not consented to suit in Michigan. Rather, the foreseeability that is critical to due process analysis is that the defendant's conduct and connection with Michigan are such that he should reasonably anticipate being haled into court in Michigan.

3. The threshold requirement of purposeful availment was not established by Jefferson Beach Marina. Although it was foreseeable that a customer's injury would occur in Michigan, the substantial connection with Michigan required to exercise limited personal jurisdiction was lacking.

Reversed.

1. COURTS — LONG-ARM JURISDICTION — DUE PROCESS — MINIMUM CONTACTS.

In order for a state to obtain long-arm jurisdiction over a nonresident defendant, the defendant must purposefully establish minimum contacts in the forum state in such a way that the maintenance of a suit will not offend traditional notions of fair play and substantial justice; the focus is primarily on the defendant and it is only when the purposeful availment threshold has been satisfied that it becomes necessary to decide whether an exercise of personal jurisdiction, if based on the defendant's contacts and weighed in light of other factors, would comport with notions of fair play and substantial justice (US Const, Am XIV; MCL 600.715; MSA 27A.715).

2. COURTS — LONG-ARM JURISDICTION — DUE PROCESS — FORESEEABLE EFFECTS.

The foreseeability of causing injury in another state is not a sufficient benchmark for exercising personal jurisdiction over an out-of-state defendant who has not consented to suit there; the foreseeability that is critical for due process analysis is that the defendant's conduct and connection with the forum state are such that he should reasonably anticipate being haled into court there; when attempting to establish limited personal

jurisdiction based on single or occasional acts related to the forum, their nature and quality and the circumstances of their commission become significant factors (US Const, Am XIV; MCL 600.715; MSA 27A.715).

*Peterson, Hay & Comsa, P.C.* (by *Mark S. Mackley*), for Pompano Marine-Blue Lagoon, Inc.

Before: SHEPHERD, P.J., and MURPHY and T. GILLESPIE,* JJ.

PER CURIAM. This case comes to us on remand from our Supreme Court for consideration as on leave granted. 429 Mich 879 (1987). The sole issue concerns whether the trial court erred in denying third-party defendant Pompano Marine-Blue Lagoon, Inc.'s, motion to quash service for lack of personal jurisdiction.

A motion for summary disposition based on a lack of personal jurisdiction is resolved based on the pleadings and the evidential support submitted by the parties. MCR 2.116(C)(1) and (G)(5). The burden of establishing jurisdictional facts is on the plaintiff. *Gardner v McDonagh,* 124 Mich App 253; 333 NW2d 568 (1983); *Avery v American Honda Motor Car Co,* 120 Mich App 222, 225; 327 NW2d 447 (1982), lv den 417 Mich 1100.49 (1983).

Here, both Blue Lagoon and third-party plaintiff Jefferson Beach Marina, Inc., submitted affidavits in support of their respective positions on the motion. Taken with the pleadings, this record demonstrates that the cause of action arose from the sale of a boat in July, 1986, in Michigan. Plaintiff Donald Gooley was the purchaser, Jefferson Beach Marina was the seller, and Blue Lagoon was the supplier.

Plaintiff went to the Jefferson Beach Marina, a Michigan corporation located in Michigan, on July

* Circuit judge, sitting on the Court of Appeals by assignment.

11, 1986, in an effort to purchase a 1986 Wellcraft boat for delivery within one week. After the Jefferson Beach Marina informed plaintiff that it could not procure that specific model boat on such short notice, plaintiff told the marina that he had seen the boat at a boat show and that it could be obtained from the Blue Lagoon business located in Florida. Jefferson Beach Marina telephoned Blue Lagoon and made the purchase. Blue Lagoon shipped the boat to Jefferson Beach Marina, which then delivered it to plaintiff.

On August 10, 1986, plaintiff commenced a breach of warranty action against the Jefferson Beach Marina, alleging various product defects and missing equipment. Jefferson Beach Marina responded by filing a third-party complaint against Blue Lagoon, while Blue Lagoon moved for dismissal based on a lack of personal jurisdiction. The motion was supported by the affidavit of Rusty Bohrer, the president of Blue Lagoon. The affidavit indicated that the boat transaction was an isolated incident and that the "excessive majority" of Blue Lagoon's business was localized in Florida. Bohrer averred that Blue Lagoon did not advertise or otherwise transact business in Michigan. Bohrer further averred that the watercraft in question never appeared at any boat show in Michigan and that the only reason the sale took place was because he was contacted with respect to the availability of a specific watercraft, which Blue Lagoon just happened to have in stock.

In opposition to the motion, Jefferson Beach Marina submitted an affidavit setting forth representations allegedly made by Blue Lagoon pertaining to the condition of the boat. No factual dispute was shown as to the jurisdictional facts averred by Bohrer. Jefferson Beach Marina primarily contended that jurisdiction was proper under the

long-arm statute, MCL 600.715; MSA 27A.715, while Blue Lagoon primarily contended that jurisdiction was lacking under the Due Process Clause of US Const, Am XIV. The trial court found that jurisdiction was proper under the long-arm statute, citing Blue Lagoon's agreement to sell the boat to a Michigan customer, Blue Lagoon's arrangement to ship the boat to Michigan, and the lack of dispute on representations made by Blue Lagoon on the condition of the boat, as circumstances justifying the exercise of limited personal jurisdiction.

We hold that an exercise of limited personal jurisdiction under the facts of this case would violate the Due Process Clause of US Const, Am XIV, and, hence, find it unnecessary to consider the trial court's conclusion that the statutory requirements for exercising limited personal jurisdiction were satisfied.

In *Witbeck v Bill Cody's Ranch Inn,* 428 Mich 659, 666; 411 NW2d 439 (1987), our Supreme Court declined to consider issues pertaining to Michigan's long-arm statute where the exercise of jurisdiction would violate US Const, Am XIV. The due process analysis applied was described as follows:

> The Due Process Clause of the Fourteenth Amendment "does not contemplate that a state may make binding a judgment in personam against an individual or a corporate defendant with which the state has no contacts, ties, or relations." *Int'l Shoe Co v Washington,* 326 US 310, 319; 66 S Ct 154; 90 L Ed 95; 161 ALR 1057 (1945). The "constitutional touchstone" is whether the defendant purposefully established "minimum contacts" in the forum state "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Id.,* 316. *Burger King Corp v Rudzewicz,* 471 US 462, 474; 105 S Ct 2174; 85 L Ed 2d 528 (1985).

> The foreseeability of causing injury in another state is not a "sufficient benchmark" for exercising personal jurisdiction over an out-of-state defendant who has not consented to suit there. *World-Wide Volkswagen Corp v Woodson,* 444 US 286, 295; 100 S Ct 559; 62 L Ed 2d 490 (1980); *Khalaf v Bankers & Shippers Ins Co,* 404 Mich 134, 145; 273 NW2d 811 (1978). Rather, "the foreseeability that is critical to due process analysis . . . is that the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into Court there." *World-Wide Volkswagen Corp, supra,* 297. [428 Mich 666-667.]

The focus of this due process analysis is primarily on the defendant, rather than the plaintiff. *Id.,* p 668. It is only when the purposeful availment threshold has been satisfied that it becomes necessary to decide whether an exercise of personal jurisdiction, if based on the defendant's contacts and weighed in light of other factors, would comport with notions of fair play and substantial justice. *Id.,* p 669.

The threshold requirement of purposeful availment was not established by Jefferson Beach Marina in this case. The only fact established was that Blue Lagoon made an isolated sale of a boat and shipped that boat to Michigan as a result of a customer's desire to purchase a specific boat on short notice. Although it was certainly foreseeable that the customer's injury would occur in Michigan, the "substantial connection" with the forum state required to exercise limited personal jurisdiction was lacking. *Id.,* p 668. When attempting to establish limited personal jurisdiction based on single or occasional acts related to the forum, their nature and quality and the circumstances of their commission become significant factors. *Id.,* p 682. As was stated in *Khalaf v Bankers & Shippers Ins Co,* 404 Mich 134, 156-157; 273 NW2d 811 (1978):

If causing foreseeable effects alone constituted purposeful availment, a Chicago grocery store supplying consumables, a haberdashery or boutique providing clothing, or a marina purveying boat supplies, to a person known to have a Michigan cottage, or a physician performing cosmetic surgery on him, could be subject to Michigan long-arm jurisdiction. In each instance the Chicago provider knows that the product or service is for use in Michigan, and that negligent performance will cause effects in Michigan. The enterprise is commercial, affecting the stream of commerce. But the nature of the provider's business is nevertheless so clearly localized that proof of transactions with Michigan residents should not alone subject the provider to long-arm jurisdiction. The generating cause is not the provider's desire to enlarge his business into Michigan but, rather, the Michigan customer's desire to do business with the Chicago provider.

Based on *Khalaf,* we hold that the trial court erred when it found that the isolated sales transaction in this case was sufficient to subject Blue Lagoon to limited personal jurisdiction. Accordingly, the trial court's opinion and order denying Blue Lagoon's motion to quash service based on the lack of personal jurisdiction is reversed.

Reversed.