MOORE v McFARLAND

Docket No. 116810. Submitted May 3, 1990, at Detroit. Decided November 9, 1990; approved for publication January 16, 1991, at 9:05 A.M.

Patricia Moore brought a paternity action in the Oakland Circuit Court against Henry McFarland. The plaintiff and her daughter now reside in Michigan, however, the child was conceived and born in Maryland while the plaintiff and the defendant lived there. The defendant, who is a resident of Maryland, and who was personally served, moved for summary disposition alleging lack of personal jurisdiction. The court, Fred M. Mester, J., denied the motion, holding that the failure of a nonresident putative father to support a child residing in this state is a tortious act, and that such an act provides an adequate basis for personal jurisdiction. The defendant appealed by leave granted.

The Court of Appeals *held:*

In this case, the exercise of personal jurisdiction over the defendant did not comport with due process requirements because the plaintiff failed to prove sufficient minimum contacts with the state to justify exercise of personal jurisdiction.

1. Michigan's long-arm statute, MCL 600.705; MSA 27A.705, provides limited personal jurisdiction of a nonresident who transacts any business within the state or does or causes to be done, or causes consequences to occur, in the state resulting in an action for tort.

2. A motion for summary disposition alleging lack of personal jurisdiction is resolved on the basis of the pleadings and evidentiary support submitted by the parties, with the burden of establishing facts necessary to establish jurisdiction resting with the plaintiff.

3. The activities of the defendant which the plaintiff alleged constituted doing business in Michigan—telephone calls with

REFERENCES

Am Jur 2d, Bastards § 81; Motions, Rules, and Orders §§ 13, 23-25; Process §§ 175, 186-188, 191.

Long-arm statutes: obtaining jurisdiction over nonresident parent in filiation or support proceeding. 76 ALR3d 708.

the plaintiff, some support payments mailed to the plaintiff, and the defendant's visit in Michigan with the plaintiff to discuss the child—were insufficient to support exercise of personal jurisdiction.

Reversed.

1. MOTIONS AND ORDERS — SUMMARY DISPOSITION — PERSONAL JURISDICTION — BURDEN OF PROOF.

A motion for summary disposition alleging lack of personal jurisdiction is resolved on the basis of the pleadings and the evidentiary support submitted by the parties; the burden of establishing the necessary jurisdictional facts is on the plaintiff (MCR 2.116[C][1], [G][5]).

2. PARENT AND CHILD — PATERNITY ACTIONS — LONG-ARM JURISDICTION.

Activities of a nonresident defendant which are of a strictly personal nature, such as making telephone calls, sending periodic support payments to the resident plaintiff, and visiting the plaintiff in the state to discuss the child which is alleged to be the parties' child, do not constitute doing business in the state and, therefore, do not justify the proper exercise of long-arm jurisdiction over the defendant in a paternity action (MCL 600.705[1]; MSA 27A.705[1]).

3. COURTS — LONG-ARM JURISDICTION — DUE PROCESS — MINIMUM CONTACTS.

In order for a state to obtain long-arm jurisdiction over a nonresident defendant, the defendant must purposefully establish minimum contacts in the state such that the maintenance of the suit does not offend traditional notions of fair play (US Const, Am XIV).

4. COURTS — LONG-ARM JURISDICTION — DUE PROCESS — MINIMUM CONTACTS.

A three-part inquiry is used to determine whether a nonresident defendant has sufficient minimum contacts with the forum state to support the exercise of limited personal jurisdiction: first, the defendant must purposefully act in or towards the state, thus availing himself of the protection and benefits of its laws; second, the cause of action must arise from the defendant's activities in the state; third, the defendant's activities must be substantially connected with the state, so that the exercise of personal jurisdiction over him would be reasonable.

*Robbins & Robbins, P.C.* (by *Aimee C. Robbins*), for the plaintiff.

*Karbel, Brukoff, Rothstein, Stewart & Wallace, P.C.* (by *David Wallace*), for the defendant.

Before: CAVANAGH, P.J., and McDONALD and MARILYN KELLY, JJ.

PER CURIAM. This is a paternity action. Defendant appeals by leave granted from the circuit court's order denying his motion for summary disposition based on lack of personal jurisdiction. We reverse.

Plaintiff is the mother of a child born June 26, 1978. She alleges that defendant is the father. Plaintiff and her daughter now reside in Michigan. The child was conceived and born in Maryland while the plaintiff and defendant lived there. Defendant remains a resident of Maryland.

Defendant was personally served with the summons and complaint on December 20, 1988. Plaintiff moved for paternity testing. Defendant responded with a motion for summary disposition alleging lack of personal jurisdiction. The court denied defendant's motion, holding that the failure of a nonresident putative father to support a child residing in this state is a tortious act. Such an act provides an adequate basis for personal jurisdiction. MCL 600.705(2); MSA 27A.705(2); *Black v Rasile,* 113 Mich App 601; 318 NW2d 475 (1980).

A motion for summary disposition alleging lack of personal jurisdiction is resolved on the basis of the pleadings and evidentiary support submitted by the parties. MCR 2.116(C)(1) and (G)(5); *Hillsdale Co Dep't of Social Services v Lee,* 175 Mich App 95, 96; 437 NW2d 293 (1989). The burden of establishing the necessary jurisdictional facts is on the plaintiff. *Id.* p 97.

Michigan's long-arm statute gives our courts limited personal jurisdiction over nonresident indi-

viduals in certain circumstances. It provides in pertinent part:

> The existence of any of the following relationships between an individual or his agent and the state shall constitute a sufficient basis of jurisdiction to enable a court of record of this state to exercise limited personal jurisdiction over the individual and to enable the court to render personal judgments against the individual or his representative arising out of an act which creates any of the following relationships:
>
> (1) The transaction of any business within the state.
>
> (2) The doing or causing an act to be done, or consequences to occur, in the state resulting in an action for tort. [MCL 600.705; MSA 27A.705.]

Plaintiff first claims that certain of defendant's activities constituted doing business in Michigan: engaging in phone calls with plaintiff in the state, mailing periodic support payments to her, and visiting her in March 1988 to discuss the child. We note that plaintiff did not allege these facts in her complaint and has not provided evidentiary support for them. However, even assuming the activities occurred, they did not constitute "doing business" in Michigan. The activities were of a strictly personal nature.

Alternatively, plaintiff asserts that defendant committed a tort in the state by failing to support his child.

In *Black,* a panel of this Court held that the failure to pay costs and support, not the act of conception, is what triggers a statutory cause of action for paternity. *Black,* p 604. Thus, the failure to support a child residing in Michigan is a tortious act which occurs within the state. MCL 600.705(2); MSA 27A.705(2); *Black, supra.*

A subsequent panel of this Court rejected the reasoning in *Black. Rainsberger v McFadden,* 174 Mich App 660; 436 NW2d 412 (1989). It noted that the rationale of *Black* had been repudiated by the two jurisdictions on whose decisions it was based. The reasoning in *Black* was faulty, because it assumed as true the very facts which the plaintiff was trying to prove. Paternity must be established before a legal duty arises to support a child. *Rainsberger,* p 665; *Hillsdale,* pp 98-99. In addition, the *Black* panel did not consider due process requirements which must be satisfied before the court can exercise personal jurisdiction. *Rainsberger,* p 668.

Regardless of whether the failure to pay child support constitutes a tort, the exercise of personal jurisdiction over defendant in this case does not comport with constitutional due process.

The constitutional touchstone is whether the defendant purposefully established such minimum contacts in this state that the maintenance of the suit does not offend traditional notions of fair play. US Const, Am XIV; *Gooley v Jefferson Beach Marina, Inc,* 177 Mich App 26, 30; 441 NW2d 21 (1989). There is a three-part test to determine whether sufficient minimum contacts exist between a nonresident defendant and the state to support due process requirements of limited personal jurisdiction. First, the defendant must purposefully act in or towards the state, thus availing himself of the protection and benefits of its laws. Second, the cause of action must arise from the defendant's activities in the state. Third, the defendant's activities must be substantially connected with the state so that the exercise of personal jurisdiction over him would be reasonable. *McGraw v Parsons,* 142 Mich App 22, 26; 369 NW2d 251 (1985); *Rainsberger,* p 663.

In this case, the minimum contacts are those

alleged by plaintiff in her brief: some support payments, telephone calls, and defendant's visit. The lack of evidentiary support makes it difficult to determine if these contacts were initiated by plaintiff or defendant. Thus we cannot conclude that plaintiff has proved that defendant purposefully acted in or towards this state. Insufficient minimum contacts were demonstrated to justify this state's exercise of personal jurisdiction over defendant.

Reversed.