L T ELSEY & SON, INC v AMERICAN ENGINEERING FABRICS, INC

Docket No. 126333. Submitted March 12, 1991, at Detroit. Decided September 3, 1991, at 9:20 A.M.

L.T. Elsey & Son, Inc., a Michigan corporation, brought an action in the Wayne Circuit Court against American Engineering Fabrics, Inc., a Massachusetts corporation, alleging breach of contract and breach of warranty regarding materials sold by the defendant to the plaintiff for use in highway construction in Michigan. The court, John H. Gillis, Jr., J., granted summary disposition for the defendant, ruling that it lacked personal jurisdiction over the defendant. The plaintiff appealed.

The Court of Appeals *held:*

Limited personal jurisdiction over the defendant is proper under the long-arm statute, MCL 600.715; MSA 27A.715. The defendant's conduct and connection with the State of Michigan were such that it reasonably should have anticipated being brought before a Michigan court. The defendant's certification of the materials as satisfying the requirements of the Michigan Department of Transportation was a deliberate action calculated to make its product available to Michigan purchasers, and the transaction that gave rise to this action was preceded by other similar transactions involving the plaintiff and the defendant.

Reversed.

D.F. WALSH, J., dissenting, stated that exertion of limited personal jurisdiction over the defendant would result in a violation of the Due Process Clause of the United States Constitution because the defendant did not purposefully avail itself of the privilege of conducting business in Michigan to the extent that it reasonably should have anticipated being brought before a Michigan court.

*Fitzgerald, Cox & Hodgman* (by *Barry L. King*), for the plaintiff.

*Garratt & Evans, P.C.* (by *C. William Garratt* and *John G. Coutilish*), for the defendant.

Before: Brennan, P.J., and Michael J. Kelly and D. F. Walsh,*JJ.

Michael J. Kelly, J. Plaintiff-appellant contends that the lower court erred in granting defendant-cross-appellant's motion for summary disposition because, under the facts and circumstances of this case, it is clear that "the defendant's conduct and connection with the forum state are such that he [sic] should reasonably anticipate being haled into court there." We agree and reverse.

The test is that stated in *Burger King Corp v Rudzewicz*, 471 US 462; 105 S Ct 2174; 85 L Ed 2d 528 (1985). The trial court simply failed to assess the unrebutted evidence supplied by affidavit that defendant had supplied goods to plaintiff on four prior occasions, three in 1988 and one in 1989, and had been informed by defendant's representative that defendant had conducted "previous business in Michigan with Environmental Protection Inc." During negotiations, Michigan Department of Transportation specifications were sent by plaintiff to defendant with instructions to report "any problems." When shipped, the material was certified by defendant as meeting those specifications and was shipped from defendant's place of business in Massachusetts through a common carrier to the destination specified by plaintiff for a highway project in Monroe County, Michigan. Some of the material was used in the highway construction and some of it, by order of defendant, was picked up by a common carrier at the construction site and returned to Massachusetts.

In the face of these facts, the trial judge stated:

This court does not believe it has jurisdiction

---

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

over the defendant since the only contact with this state involves a single transaction.

Because it ignored the prior transactions and the certification relating to the MDOT specifications, the court necessarily decided defendant's motion in the light most favorable to defendant.

While it is true that the plaintiff has the burden of establishing jurisdictional facts, a motion for summary disposition based on lack of personal jurisdiction must be resolved on the evidential support submitted by both parties. MCR 2.116(C)(1) and (G)(5); *Gooley v Jefferson Beach Marina, Inc,* 177 Mich App 26; 441 NW2d 21 (1989). Here, the court ignored the evidential support submitted by plaintiff. As a consequence, we have only defendant's assessment of its intentions with regard to its course of dealings with plaintiff and the contemplated future consequences thereof. We believe MCL 600.715; MSA 27A.715 has been facially satisfied, particularly under subsection 5, because defendant entered into a contract for materials to be furnished in this state. We also believe that defendant's conduct was a prime generating cause of the effects resulting in Michigan. Defendant's certification of the material as satisfying Michigan testing requirements was a deliberate action calculated to make its product available to the Michigan market. It is obvious that plaintiff would not have purchased the product had defendant not certified it as meeting MDOT requirements. Moreover, defendant must have contemplated being "haled" into a Michigan court in the event that the product failed the testing requirements. Defendant knew that the product was to be used in road construction in Michigan and that it needed to satisfy certain MDOT standards. Finally, this was not a singular transaction, but the last of five transactions with plaintiff.

In light of the disposition on the merits of the principal appeal, cross-appellant's claimed error is moot.

Reversed.

BRENNAN, P.J., concurred.

D.F. WALSH, J. *(dissenting)*. I must respectfully dissent.

There are two issues relating to the question whether the State of Michigan can exercise limited jurisdiction over the defendant in this case. First, did defendant's acts create relationships with Michigan within the meaning of subsections 1, 3, and 5 of Michigan's long-arm statute? MCL 600.715; MSA 27A.715. This is an issue of statutory construction. Second, would exercise of jurisdiction over defendant be violative of due process? This is an issue of federal constitutional law. See *Khalaf v Bankers & Shippers Ins Co,* 404 Mich 134, 142; 273 NW2d 811 (1978).

I would not reach the issue of statutory construction because in my judgment, under the circumstances of this case, the exercise of long-arm jurisdiction would not satisfy the requirements of due process.

Before foreign defendants may become subject to the in personam jurisdiction of a forum state, it is essential that the defendants engage in a course of conduct by which they "purposefully avail" themselves of the "privilege of conducting activities within the forum state, thus envoking the benefits and protections of its laws." *Hanson v Denckla,* 357 US 235, 253; 78 S Ct 1228; 2 L Ed 2d 1283 (1958). "Purposeful availment" requires "a deliberate undertaking to do or cause an act or thing to be done in Michigan or conduct which can be properly regarded as a prime generating cause of

the effects resulting in Michigan, something more than a passive availment of Michigan opportunities." *Khalaf v Bankers & Shippers Ins Co, supra* at 153-154.

In this case, the defendant was a Massachusetts corporation having its only place of business in New Bedford, Massachusetts. It had no offices, employees, distributors, or agents conducting business in the State of Michigan. It made no sales or business calls in the State of Michigan. Plaintiff neither alleged nor submitted evidence that the defendant ever advertised in the State of Michigan or solicited business in the State of Michigan. The defendant merely filled orders for customers in other states when contacted by those customers by mail or phone.

Although there may have been four or five sales made in Michigan over a two-year period, I am not persuaded that that fact, nor anything else in this record, mandates the conclusion that the defendant "purposefully availed" itself of the privilege of conducting business in this state. The exercise of long-arm jurisdiction over this defendant would, in my judgment, be inconsistent with the Due Process Clause of the United States Constitution.

I would affirm.