*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

BRANDY HILYARD,

        Petitioner-Appellant,

v

DAVID JOHNSTON,

        Respondent-Appellee.

UNPUBLISHED
July 29, 2021

No. 354721
Ingham Circuit Court
Family Division
LC No. 19-003659-UF

Before: FORT HOOD, P.J., and MARKEY and GLEICHER, JJ.

PER CURIAM.

Petitioner appeals by right the order vacating the registration of her out-of-state support order, changing the case-type code on the file to allow enforcement to take place in a tribunal that had personal jurisdiction over respondent, and denying petitioner's request for attorney fees. We affirm.

## I. FACTUAL BACKGROUND

The parties were divorced in 2005 while living in New York. The New York Supreme Court for the County of Cattaraugus granted petitioner sole legal and physical custody of the parties' two children and ordered respondent to pay $581 per month in child support. A provision of the judgment indicated that, if respondent terminated support payments, payment would increase to $830 per month. The judgment of divorce did not provide for an end date for the payments, although under New York law, child support payments continue until the child turns 21. NY Fam Ct Act § 413(1)(a).

In 2010, petitioner moved with the children to Michigan. In 2016, respondent registered the judgment of divorce in Ingham Circuit Court and moved to prevent petitioner from taking the children on vacation to Mexico, which the court denied. On November 14, 2019, the day after the parties' youngest child turned 18, respondent sent a letter to petitioner stating that he was stopping the child support payments because the parties had verbally agreed when they signed the judgment of divorce that support payments would stop when both children turned 18. On that basis, petitioner registered the New York child support order with the Ingham Circuit Court and served

-1-

respondent with notice of the registration. The circuit court confirmed the registration on December 16, 2019.

Thereafter, petitioner filed a petition to enforce the support order, arguing that the parties had not agreed to terminate support payments when the children turned 18, and that New York law required the payments to continue until the children turned 21. The circuit court held a hearing on the petition and determined that the court did not have personal jurisdiction over respondent. Petitioner argued that only respondent could assert personal jurisdiction as a defense, and noted that respondent failed at that time to participate in the proceedings. However, the court determined that MCL 552.2301(2) of the Uniform Interstate Family Support Act (UIFSA) allowed the court to determine whether it had personal jurisdiction over a nonregistering party before the out-of-state support order could be registered. The court determined that the out-of-state support order had not been properly registered and vacated the December order confirming the registration. The court also ordered the case-type caption to be changed from an incoming registration of an out-of-state order to an outgoing request for another state to enforce the order, and denied petitioner's request for attorney fees because petitioner was not a prevailing party.

## II. ANALYSIS

### A. PERSONAL JURISDICTION

Petitioner argues that the trial court could not sua sponte raise the issue of personal jurisdiction and, alternatively, that the court could have exercised personal jurisdiction over respondent pursuant to Michigan's long-arm statute, MCL 600.705. We disagree.

Whether a court has personal jurisdiction over a party is a question of law, which we review de novo. *Poindexter v Poindexter*, 234 Mich App 316, 319; 594 NW2d 76 (1999). We also review de novo issues of statutory interpretation, *Saginaw Ed Ass'n v Eady-Miskiewicz*, 319 Mich App 422, 440; 902 NW2d 1 (2017), as well as the application of the law to the facts of the case, *Wilcoxon v City of Detroit Election Comm*, 301 Mich App 619, 632; 838 NW2d 183 (2013).

### 1. TRIAL COURT'S AUTHORITY TO SUA SPONTE ADDRESS PERSONAL JURISDICTION

Petitioner first argues that MCL 552.2301(2) does not grant the circuit court authority to sua sponte address the issue of personal jurisdiction because only respondent could raise the issue. We disagree.

A court must have personal jurisdiction over a party to obligate a party to comply with its orders. *Yoost v Caspari*, 295 Mich App 209, 221; 813 NW2d 783 (2012). A defense that a trial court lacks personal jurisdiction over a party or property is waived unless a party raises it in accordance with applicable court rules. *Electrolines, Inc v Prudential Assurance Co, Ltd*, 260 Mich App 144, 163-164; 677 NW2d 874 (2003); MCR 2.111(F)(2). However, "a court at all times is required to question sua sponte its own jurisdiction (whether over a person, the subject matter of an action, or the limits on the relief it may afford) . . . ." *Straus v Governor*, 459 Mich 526, 532; 582 NW2d 53 (1999).

The UIFSA, MCL 552.1101 *et seq*., governs the procedure for establishing, enforcing, and modifying child and spousal support orders when more than one state is involved in the proceedings. MCL 552.2301(2) provides:

> An individual petitioner or a support enforcement agency may initiate a proceeding authorized under this act by filing a petition in an initiating tribunal for forwarding to a responding tribunal or by filing a petition or a comparable pleading directly in a tribunal of another state or a foreign country *that has or can obtain personal jurisdiction over the respondent*. [Emphasis added.]

MCL 552.2306 provides:

> If a petition or comparable pleading is received by an inappropriate tribunal of this state, the tribunal shall forward the pleading and accompanying documents to an appropriate tribunal in this state or another state and notify the petitioner where and when the pleading was sent.

To interpret statutory language, we begin with the plain language of the statute, which is the best indicator of the Legislature's intent. *Jesperson v Auto Club Ins Ass'n*, 499 Mich 29, 34; 878 NW2d 799 (2016). "We must give effect to every word, phrase, and clause in a statute and avoid an interpretation that renders nugatory or surplusage any part of a statute." *Id.* (quotation marks and citation omitted). "If the language of a statute is unambiguous, the Legislature must have intended the meaning clearly expressed, and the statute must be enforced as written." *Shinholster v Annapolis Hosp*, 471 Mich 540, 549; 685 NW2d 275 (2004) (quotation marks and citation omitted). "Statutory provisions must be read in the context of the entire act, giving every word its plain and ordinary meaning." *Driver v Naini*, 490 Mich 239, 247; 802 NW2d 311 (2011).

With the above in mind, although generally a party must raise a defense of personal jurisdiction in a responsive pleading or else the defense is waived for that party, *Electrolines, Inc*, 260 Mich App at 164; MCR 2.111(F)(2), this does not interfere with the court's continuing obligation to sua sponte question its own jurisdiction, *Straus*, 459 Mich at 532. The plain language of MCL 552.2301(2) and MCL 552.2306 is mandatory, not permissive, and makes it clear that the trial court has an obligation to determine whether it has personal jurisdiction over the parties before an out-of-court custody order can be registered. Therefore, the trial court did not err by addressing the issue of personal jurisdiction sua sponte.[1]

## 2. LONG-ARM STATUTE

---

[1] Petitioner suggests that the circuit court erred when it only analyzed whether it had personal jurisdiction over respondent and failed to consider whether it *could have* obtained personal jurisdiction. Indeed, MCL 552.2301(2) required the trial court not only to determine whether it had personal jurisdiction over respondent, but whether it could obtain personal jurisdiction over respondent. However, petitioner's argument is without merit. Here, the trial court engaged in a lengthy analysis addressing all of petitioner's arguments, including whether it *could* obtain personal jurisdiction over respondent through application of Michigan's long-arm statute.

Petitioner contends that the trial court could have exercised jurisdiction over respondent under Michigan's long-arm statute, MCL 600.705. We disagree.

MCL 552.2201 specifically describes how a trial court may obtain limited personal jurisdiction over a nonresident individual in child support enforcement proceedings. Petitioner concedes that the trial court could only exercise limited personal jurisdiction over respondent under MCL 552.2201(h), which provides that a court may exercise personal jurisdiction over a nonresident individual if "[t]here is any other basis consistent with the constitutions of this state and the United States for the exercise of personal jurisdiction." We agree with the trial court's conclusion that this subsection includes application of Michigan's long-arm statute, MCL 600.705.

Legislative long-arm statutes grant courts authority to exercise personal jurisdiction over nonresident parties in specific circumstances based on the nature, character, and types of contacts that exist. *WH Froh, Inc v Domanski*, 252 Mich App 220, 226; 651 NW2d 470 (2002). "A personal jurisdiction analysis is a two-fold inquiry: (1) do the defendant's acts fall within the applicable long-arm statute, and (2) does the exercise of jurisdiction over the defendant comport with the requirements of due process." *Id.* (citation omitted). Michigan's long-arm statute, MCL 600.705, provides, in relevant part:

> The existence of any of the following relationships between an individual or his agent and the state shall constitute a sufficient basis of jurisdiction to enable a court of record of this state to exercise limited personal jurisdiction over the individual and to enable the court to render personal judgments against the individual or his representative arising out of an act which creates any of the flowing relationships:
>
> (1) The transaction of any business within the state.
>
> (2) The doing or causing an act to be done, or consequences to occur, in the state resulting in an action for tort. [MCL 600.705(1) and (2).

Petitioner contends that, because respondent hired a Michigan attorney in 2016, registered the judgment of divorce with the circuit court at that time, and moved to prevent petitioner from taking the children to Mexico, he transacted business in the state under MCL 600.705(1). However, the trial court noted that the 2016 filings related to a custody issue and were therefore governed by the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA), MCL 722.1101 *et seq.* MCL 722.1109(1) provides:

> A party to a child-custody proceeding who is not subject to personal jurisdiction in this state and is a responding party under article 2, a party in a proceeding to modify a child-custody determination under article 2, or a petitioner in a proceeding to enforce or register a child-custody determination under article 3 may appear and participate in the proceeding without submitting to personal jurisdiction over the party for another proceeding or purpose.

In this case, because respondent's 2016 filings related to the enforcement of a child-custody determination, respondent did not submit to the trial court's personal jurisdiction. Therefore, his 2016 activity could not form the basis of the trial court's exercise of personal jurisdiction.[2]

Petitioner also argues that the trial court could exercise personal jurisdiction over respondent under MCL 600.705(2) because of his 2019 letter to petitioner. Petitioner argues that respondent's refusal to make child support payments had consequence in Michigan. That is, respondent's failure to pay child support was a breach of his statutory duty and gave rise to a tort claim by petitioner. However, we have expressed some doubt as to whether failure to pay child support constitutes a tort within the meaning of Michigan's long-arm statute. See *Black v Rasile*, 113 Mich App 601, 603-604; 318 NW2d 475 (1980) (holding that the failure to pay child support triggered a statutory cause of action and therefore was a tortious act).[3] But see *Rainsberger v McFadden*, 174 Mich App 660, 665; 436 NW2d 412 (1989) (stating that the rationale of *Black* had been repudiated in two jurisdictions, the reasoning in *Black* was faulty, and the proper construction of the long-arm statute was not settled); *Hillsdale Co Dep't of Social Servs v Lee*, 175 Mich App 95, 99; 437 NW2d 293 (1989) (declining to decide whether the *Black* Court correctly concluded that a failure to pay child support constitutes a tort within the meaning of Michigan's long-arm statute). And, we need not even address that issue here because in this case, respondent's actions undoubtedly did not give rise to a tort under Michigan law. Both New York and Michigan impose statutory duties on parents to support their children. Under New York law, that obligation lasts until the child turns 21, NY Fam Ct Act § 413(1)(a), while in Michigan, the support obligation generally ends when the child turns 18, MCL 552.17a(1). Both children in this case were over the age of 18, and therefore, respondent's failure to pay child support undoubtedly did not give rise to

---

[2] Petitioner suggests that MCL 552.2201(2) revokes the limited protection from personal jurisdiction granted under MCL 722.1109(1). First, petitioner cites no authority that supports this argument, and an appellant cannot "give an issue only cursory treatment with little or no citation of authority." *Cheesman v Williams*, 311 Mich App 147, 161; 874 NW2d 385 (2015). Second, however, nothing about the plain language of MCL 552.2201(2) purports to deprive parties of the protection of MCL 722.1109(1). The statute provides:

> The bases of personal jurisdiction set forth in subsection (1) or in any other law of this state may not be used to acquire personal jurisdiction for a tribunal of this state to modify a child support order of another state unless the requirements of [MCL 552.2611] are met, or in the case of a foreign support order unless the requirements of [MCL 552.2615] are met.

MCL 552.2201(2) limits a trial court's ability to exercise personal jurisdiction over a party; it does not in any way contradict the limited protection from personal jurisdiction that also exists under MCL 722.1109(1).

[3] This Court is not bound to follow a rule of law announced by this Court before November 1, 1990, MCR 7.215(J), but gives such decisions greater precedential effect than unpublished decisions. *People v Bensch*, 328 Mich App 1, 7 n 6; 935 NW2d 382 (2019).

an actionable tort under Michigan law. To that end, we are not persuaded that respondent's actions permitted the court to take personal jurisdiction under MCL 600.705(2).

Petitioner has not shown that any of respondent's actions would have allowed the trial court to exercise personal jurisdiction over respondent under either subsection of (1) or (2) of Michigan's long-arm statute.

## B. ATTORNEY FEES

Petitioner lastly contends that the trial court abused its discretion by denying her request for attorney fees without allowing her to submit a memorandum in support of the request. We disagree.

We review a trial court's grant or denial of attorney fees for an abuse of discretion. *Reed v Reed*, 265 Mich App 131, 164; 693 NW2d 825 (2005). "The general American Rule is that attorney fees are not ordinarily recoverable unless a statute, court rule, or common-law exception provides the contrary." *Smith v Khouri*, 481 Mich 519, 526; 751 NW2d 472 (2008) (quotation marks and citations omitted). MCL 552.2313 provides, in relevant part:

> (2) If an obligee prevails, a responding tribunal of this state may assess against an obligor filing fees, reasonable attorney's fees, other costs, and necessary travel and other reasonable expenses incurred by the obligee and the obligee's witnesses. . . .

> (3) The tribunal shall order the payment of costs and reasonable attorney's fees if it determines that a hearing was requested primarily for delay. In a proceeding under article 6, a hearing is presumed to have been requested primarily for delay if a registered support order is confirmed or enforced without change.

In this case, petitioner did not qualify for attorney fees under MCL 552.2313.

Petitioner sought enforcement of the New York child support order against respondent, but the court vacated the improper registration of the support order. Therefore, petitioner did not prevail in the action. There is also no evidence that a hearing was requested for a delay, particularly because the trial court scheduled the hearing and petitioner was the only party who participated in the proceedings. Moreover, given that petitioner has not demonstrated any errors on appeal, there is no indication that an additional memorandum would have shown that she was entitled to attorney fees. Accordingly, we discern no abuse of discretion on the trial court's part.

Affirmed.

/s/ Karen M. Fort Hood
/s/ Jane E. Markey
/s/ Elizabeth L. Gleicher