J. Bruce MILLER, Administrator of the Estate of Jerry L. Roades, deceased, Plaintiff,

v.

TRANS WORLD AIRLINES, INCORPORATED, et al., Defendants.

No. 1398.

United States District Court
E. D. Kentucky,
Covington Division.

July 2, 1969.

Thomas C. Carroll, Louisville, Ky., for plaintiff.

James C. Ware, Covington, Ky., for General Dynamics Corp.

Donald L. Stepner, Covington, Ky., for Standard Kollsman Industries and Kollsman Instrument.

Moss Noble, Asst. U. S. Atty., Lexington, Ky., for the U. S.

John J. O'Hara, Covington, Ky., for Trans World Airlines.

## MEMORANDUM

SWINFORD, District Judge.

The record is before the court on the motion of the defendants, Standard Kollsman Industries, Inc. (Standard Kollsman) and Kollsman Instrument Corporation (Kollsman Instrument), to dismiss for lack of jurisdiction over the person, insufficiency of process, and insufficiency of service of process, and to quash the service of summons. All interested parties have filed briefs. From these briefs it is clear that the main question to be decided is whether the said defendants can be subjected to personal jurisdiction in Kentucky.

This is an action for wrongful death arising from an airplane crash at the Greater Cincinnati Airport in Boone County, Kentucky. Plaintiff's decedent was flight engineer on the aircraft, which was owned by the defendant, Trans World Airlines, Inc. It was allegedly manufactured by the defendant, General Dynamics Corporation. From the pleadings herein and answers to interrogatories, it appears that Kollsman Instrument furnished to General Dynamics Corporation certain instruments which were component parts of the aircraft which crashed. Kollsman Instrument is a wholly owned subsidiary of Standard Kollsman. All of the directors of Standard Kollsman are, with another, directors of Kollsman Instrument, and the two corporations have some of the same officers. Service of process was purportedly effected on these two corporations by service on the Secretary of State of Kentucky.

Standard Kollsman has no record which indicates that any of its products were installed on the aircraft which crashed, but several instruments manufactured by Kollsman Instrument were recovered from the wreckage.

According to Standard Kollsman's and Kollsman Instrument's answers to interrogatories, neither corporation has manufacturing plants, distribution warehouses, sales agencies, or storage ware-

houses in Kentucky. Neither corporation has qualified to do business in Kentucky. Kollsman Instrument has no record of any of its employees, salesmen or representatives having been in Kentucky during the five years preceding the accident for the purpose of selling, delivering, installing or servicing any of its products, except that its employees have performed nonaviation contractual obligations with the U. S. Government at Fort Knox, Kentucky. Kollsman Instrument advertises in eight different publications but does not know whether they are circulated in Kentucky. In answer to an interrogatory asking it to identify any commercial airlines operating in the United States for which either of the two corporations manufacture, sell, or distribute equipment for installation upon their aircraft, Kollsman Instrument responded:

"Kollsman Instrument does not know of any commercial airline which does not use Kollsman products."

It is a matter of common knowledge that numerous commercial airlines service Kentucky and that their airplanes land and take off at various locations in the state, and the court will take judicial notice of this fact. The great majority, if not all, of these planes must use Kollsman Instrument's products.

■ Kentucky's long-arm statute, KRS 454.210, became effective on June 13, 1968, prior to the commencement of this action. Its application is not precluded by the fact that the crash on which this action is based occurred before June 13, 1968. See Anno., 19 A.L.R.3d 138, 146. The statute is in part as follows:

"(2) (a) A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a claim arising from the person's:

\*    \*    \*    \*    \*    \*

"4. Causing tortious injury in this Commonwealth by an act or omission outside this Commonwealth if he regularly does or solicits business, or engages in any other persistent course

of conduct, or derives substantial revenue from goods used or consumed or services rendered in this Commonwealth, provided that the tortious injury occurring in this Commonwealth arises out of the doing or soliciting of business or a persistent course of conduct or derivation of substantial revenue within the Commonwealth;

"5. Causing injury in this Commonwealth to any person by breach of warranty expressly or impliedly made in the sale of goods outside this Commonwealth when the seller knew such person would use, consume, or be affected by, the goods in this Commonwealth, if he also regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this Commonwealth;

\*    \*    \*    \*    \*    \*

"(b) When jurisdiction over a person is based solely upon this section, only a claim arising from acts enumerated in this section may be asserted against him."

■■ In diversity cases, the question of whether a foreign corporation is present in a state, so as to be subject to suit there, is governed by the law of the state where the District Court sits. Smartt v. Coca-Cola Bottling Corp., 6 Cir., 318 F.2d 447, 448. Of course, whether the Due Process Clause is violated is a question of federal law. This court is not aware of any decisions of the Kentucky Court of Appeals construing the new long-arm statute.

The substantive provisions of the Ohio long-arm statute, section 2307.382 of the Ohio Revised Code, are identical to KRS 454.210(2). The Ohio statute has been broadly construed. Stewart v. Bus and Car Co., N.D.Ohio, 293 F.Supp. 577.

■ This court is of the opinion that the words of the statute cover the defendant, Kollsman Instrument. That defendant's products are certainly used in this Commonwealth and it derives

substantial revenue from the sale of those goods, within the meaning of KRS 454.210(2) (a) (4). There is no requirement that the goods must have been sold in this Commonwealth. Likewise, under KRS 454.210(2) (a) (5), Kollsman Instrument must have known that buyers of its products, such as General Dynamics, would sell airplanes to airlines which would fly into Kentucky, and consequently must have known that plaintiff's decedent would "use, consume or be affected by" the goods in Kentucky.

In Stewart v. Bus and Car Co., supra, the court was faced with a situation very similar to that now before this court. Judge Young, in an excellent and comprehensive opinion, upheld the court's jurisdiction. There the defendant was a manufacturer of motor busses. In finding the requisite "substantial revenue" under the statute and minimal contacts for purposes of due process, the court relied in part on the fact that the defendant had sold two busses in Ohio in addition to the bus involved in the accident. But the court emphasized, not that busses were sold in Ohio, but that they were sold to bus lines which used them in Ohio.

In Ehlers v. U. S. Heating & Cooling Mfg. Corp., 267 Minn. 56, 124 N.W.2d 824; Gray v. American Radiator & Standard Sanitary Corp., 22 Ill.2d 432, 176 N.E.2d 761; and Keckler v. Brookwood Country Club, N.D.Ill., 248 F. Supp. 645, courts in Minnesota and Illinois upheld jurisdiction over defendants whose products allegedly caused injury in the forum state but who made no sales there, on the ground that the defendants distributed their products into a stream of commerce such that they might reasonably anticipate that they would be used in the forum state.

The cases discussed above are soundly reasoned and in keeping with constitutional principles enunciated by the Supreme Court. See International Shoe Co. v. State of Washington, Office of Unemployment Compensation and Placement, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95; Perkins v. Benguet Consol. Mining Co., 342 U.S. 437, 72 S.Ct. 413, 96 L.Ed. 485; McGee v. International Life Ins. Co., 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223; Hanson v. Denckla, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283. In the last case the Supreme Court said that, in order for a defendant to have the necessary "minimal contacts" with a state,

"it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." 357 U.S. at 253, 78 S.Ct., at 1240.

This court is of the opinion that Kollsman Instrument, by selling its products to General Dynamics to be used on aircraft which fly throughout the country, including Kentucky, purposefully availed itself of the privilege of conducting activities here. To hold it subject to suit in Kentucky in this action is "reasonable and just, according to our traditional conception of fair play and substantial justice." See *International Shoe*, supra, at 320, 66 S.Ct., at 160. The following statement from *Gray*, supra, is pertinent to the pending case:

"As a general proposition, if a corporation elects to sell its products for ultimate use in another State, it is not unjust to hold it answerable there for any damage caused by defects in those products."

In upholding this court's jurisdiction over Kollsman Instrument, this court is not unaware of Velandra v. Regie Nationale Des Usines Renault, 6 Cir., 336 F.2d 292. To the extent that that case relates to the subsidiary corporation, Kollsman Instrument, it was adequately distinguished in Stewart v. Bus and Car Co., supra, 293 F.Supp. at 584–586.

██ This court has personal jurisdiction over Kollsman Instrument, but plaintiff has not shown sufficient contacts between the parent corporation,

Standard Kollsman, and the Commonwealth of Kentucky to render it subject to jurisdiction here. The burden of proving jurisdictional facts is on the plaintiff. Wade v. Rogala, 3 Cir., 270 F.2d 280, 284. The mere ownership by a corporation of all the stock of a subsidiary amenable to the jurisdiction of a state's courts does not in itself subject the parent to the jurisdiction of such courts. Cannon Mfg. Co. v. Cudahy Packing Co., 267 U.S. 333, 45 S.Ct. 250, 69 L.Ed. 634; Velandra v. Regie Nationale Des Usines Renault, supra, 336 F.2d at 296. Plaintiff has not established that the corporate separateness is fictitious, that the parent has held the subsidiary out as its agent, or that the parent has exercised an undue degree of control over the subsidiary. In Scalise v. Beech Aircraft Corp., E.D.Pa., 276 F. Supp. 58, the court noted:

> "The cases have uniformly held, therefore, that although stock ownership and identity of officers and directors naturally subject the subsidiary to a measure of control, the issue upon which the disposition of a motion to quash service of process lies is how much control is exercised." 276 F. Supp. at 62.

Plaintiff herein has not shown how much control Standard Kollsman exercised over Kollsman Instrument. Therefore, this court has no jurisdiction over Standard Kollsman.

■ Kollsman Instrument also contends that service of summons should be quashed because the Secretary of State served it by sending process to Standard Kollsman at its address in Melrose Park, Illinois. Kollsman Instrument is a New York corporation with its principal place of business in Syosset, New York. Therefore, the motion to quash service of summons should be sustained, and plaintiff may have another summons issued and properly served on Kollsman Instrument.

An order in conformity with this memorandum is this day entered.