## AVERY v AMERICAN HONDA MOTOR CAR CO

Docket No. 53651. Submitted March 3, 1982, at Lansing.—Decided
October 6, 1982. Leave to appeal applied for.

Plaintiff Dennis J. Avery brought an action in the Ingham Circuit
Court against defendants Honda Motor Company, Ltd. (Honda
Motor), Honda Research & Development Co. (Honda Research),
both Japanese corporations, and American Honda Motor Car
Co., a California corporation (American Honda), for injuries
sustained in an accident on a Honda motorcycle. The accident
occurred in Korea. The motorcycle had been originally sold in
Japan and bought second-hand in Korea by plaintiff while he
was a serviceman there. Plaintiff filed this action after his
return to Michigan, and sought to establish jurisdiction over
Honda Motor on the grounds it allegedly carries on a continu-
ous and systematic part of its general business within the state.
The trial court, James T. Kallman, J., granted an accelerated
judgment in favor of Honda Motor and Honda Research con-
cluding that there was no jurisdiction over either company in
Michigan courts. Plaintiff appeals from the order granting the
accelerated judgment. *Held:*

1. In Michigan, the test of a principal-agent relationship is
whether the principal has the right to control the agent.

2. The ownership of a subsidiary carrying on local activities
in Michigan represents merely one contact or factor to be
considered in assessing the existence or non-existence of the
requisite minimum contacts with the State of Michigan, but is

References for Points in Headnotes

[1] 20 Am Jur 2d, Courts § 146.

36 Am Jur 2d, Foreign Corporations §§ 333, 466 *et seq.*

Construction and application of state statutes or rules of court
predicating in personam jurisdiction over nonresidents on the
commission of a tort within the state. 24 ALR3d 532.

[2] 3 Am Jur 2d, Agency § 2.

[3, 5] 36 Am Jur 2d, Foreign Corporations §§ 325, 326, 330, 347, 425,
475, 476.

Ownership or control by foreign corporation of stock of other
corporation as constituting doing business within state. 18 ALR2d
187.

[4] 20 Am Jur 2d, Courts §§ 103-105.

not sufficient of itself to hold foreign corporations amenable to personal jurisdiction.

3. In order to find a foreign parent corporation amenable to jurisdiction through the activities of its subsidiary, the subsidiary must be the corporation's alter ego. The fact that the subsidiary is an exclusive importer and distributor of the parent corporation's products does not mean that the subsidiary is, per se, the parent corporation's alter ego. The Court of Appeals looks rather to see if there were activities carried on in the corporation's behalf by those who are authorized to act for it.

4. The accelerated judgment was properly granted since plaintiff did not demonstrate an alter-ego relationship, or even an undue amount of control by Honda Motor over American Honda.

Affirmed.

1. COURTS — JURISDICTION — FOREIGN CORPORATIONS.

Determination of a corporation's presence within the state, for purposes of establishing jurisdiction, usually involves agency principles where a foreign corporation is involved in a lawsuit and where the product involved was never brought into the state.

2. COURTS — JURISDICTION — AGENCY.

The test of a principal-agent relationship in Michigan is whether the principal has the right to control the agent.

3. COURTS — JURISDICTION — FOREIGN CORPORATIONS — SUBSIDIARIES.

A foreign corporation's ownership of a subsidiary carrying on local activities in Michigan represents merely one contact or factor to be considered in assessing the existence or non-existence of the requisite minimum contacts with the state, but is not sufficient of itself to hold the foreign corporation amenable to personal jurisdiction.

4. COURTS — JURISDICTION — BURDEN OF PROOF.

The plaintiff has the burden to prove the jurisdictional facts in his cause of action.

5. COURTS — JURISDICTION — FOREIGN CORPORATIONS — SUBSIDIARIES.

In order to find a foreign parent corporation amenable to jurisdiction through the activities of its subsidiary, the subsidiary must be the corporation's alter ego; the fact that a subsidiary is an exclusive importer and distributor of the parent corporation's products does not mean that the subsidiary is, per se, the

parent corporation's alter ego; the Court of Appeals looks to see if there were activities carried on in the parent corporation's behalf by those who are authorized to act for it.

*Church, Wyble, Kritselis, Anderson & Robinson, P.C.* (by *Thomas H. Hay*), for plaintiff.

*Plunkett, Cooney, Rutt, Watters, Stanczyk & Pedersen, P.C.* (by *John P. Jacobs* and *Dennis M. Day*), for defendants.

Before: M. F. CAVANAGH, P.J., and ALLEN and E. C. PENZIEN,* JJ.

PER CURIAM. Plaintiff appeals as of right from an order granting an accelerated judgment in favor of defendant Honda Motor Company, Ltd. (Honda Motor), and Honda Research & Development Co. (Honda Research). The trial court concluded there was no jurisdiction against Honda Motor and Honda Research in Michigan courts.

Plaintiff sued defendants Honda Motor, Honda Research, both Japanese corporations, and American Honda Motor Car Co., a California corporation (American Honda), for injuries plaintiff sustained in an accident on a Honda motorcycle. The motorcycle had been originally sold in Japan and bought second-hand in Korea by plaintiff while he was a serviceman there. The accident occurred in Korea. Plaintiff filed this action after his return to Michigan, and sought to establish jurisdiction over defendant Honda Motor on the grounds that Honda Motor carries on "a continuous and systematic part of its general business within the state". MCL 600.711(3); MSA 27A.711(3).

Where a foreign corporation is involved in a lawsuit and where the product involved was never

---

* Circuit judge, sitting on the Court of Appeals by assignment.

brought into the forum state, determination of the corporation's presence within the state usually involves agency principles. *Kircos v Lola Cars, Ltd,* 97 Mich App 379; 296 NW2d 32 (1980); *Storie v Beech Aircraft Corp,* 417 F Supp 141, 145 (ED Mich, 1976).

In Michigan, the test of a principal-agent relationship is whether the principal has the right to control the agent. *Van Pelt v Paull,* 6 Mich App 618, 624; 150 NW2d 185 (1967); *Birou v Thompson-Brown Co,* 67 Mich App 502, 507; 241 NW2d 265 (1976), *lv den* 397 Mich 808 (1976). This test is a concise restatement of the test employed by the court in *Velandra v Regie Nationale Des Usines Renault,* 336 F2d 292, 297 (CA 6, 1964):

"[I]t would seem appropriate, for the purpose of determining the amenability to jurisdiction of a foreign corporation which happens to own a subsidiary corporation carrying on local activities, to inquire whether the parent has the requisite minimum contacts with the State of the forum. Thus the ownership of the subsidiary carrying on local activities in Michigan represents merely one contact or factor to be considered in assessing the existence or non-existence of the requisite minimum contacts with the State of Michigan, but is not sufficient of itself to hold the present foreign corporations amenable to personal jurisdiction." (Footnote omitted.)

The burden to prove jurisdictional facts is on the plaintiff. *Miller v Trans World Airlines, Inc,* 302 F Supp 174 (ED Ky, 1969). Through affidavits and interrogatories, plaintiff established the following jurisdictional facts:

(1) American Honda is a wholly-owned subsidiary of Honda Motor.

(2) American Honda is the exclusive distributor for Honda Motor, with the right to import and

distribute motorcycles manufactured by Honda Motor for an unlimited time.

(3) There *may* be at least one common member of both corporations' boards of directors.

(4) On sales of vehicles by Honda Motor to American Honda, all payments are made in Japan and title passes in Japan.

(5) Honda Motor retains the exclusive right to use the Honda logo.

(6) Honda Motor does no advertising of its products, while American Honda does a significant amount of advertising in the United States.

(7) All three defendants were represented by the same attorney during the proceedings.

In *Kircos v Lola Cars, Ltd, supra,* this Court adopted the theory that in order to find a parent corporation amenable to jurisdiction through the activities of its subsidiary, the subsidiary must be the corporation's "alter-ego":

"The fact that this is done through an exclusive importer and distributor of its products does not mean that the importer and distributor is, per se, the corporation's alter ego: the establishment of such a relationship does not carry the legal significance of the vow 'whither thou goest, I will go'. We look rather to see if there were activities carried on in the corporation's behalf by those who are authorized to act for it." 97 Mich App 387. (Footnote omitted.)

Under the jurisdictional facts alleged by plaintiff in this case, such an "alter-ego" relationship, or even an undue amount of control by Honda Motor over American Honda, was not demonstrated.

Affirmed.