GLENN v TPI PETROLEUM, INC

Docket No. 308636. Submitted January 14, 2014, at Detroit. Decided June 24, 2014, at 9:05 a.m.

Phillip Glenn, Terry Glenn, and others, brought an action in the Wayne Circuit Court against TPI Petroleum, Inc., Valero Energy Corporation, and others, asserting claims including negligence, nuisance, and trespass related to the contamination of plaintiffs' properties by leaky underground storage tanks located on property that was once operated as a gasoline station. Valero moved for summary disposition under MCR 2.116(C)(1), arguing that the court lacked personal jurisdiction over it. The court, Amy P. Hathaway, J., denied the motion. Valero sought leave to appeal. In lieu of granting leave to appeal, in an unpublished order entered October 7, 2011 (Docket No. 305145), the Court of Appeals vacated the trial court's order denying the motion for summary disposition and remanded the case to the trial court. The Court of Appeals ordered the trial court to explain its decision to exercise jurisdiction under MCL 600.715 and to determine whether the exercise of jurisdiction was consistent with the requirements of due process. On remand, the trial court again denied Valero's motion for summary disposition. The Court of Appeals granted Valero's application for leave to appeal.

The Court of Appeals *held*:

1. It is the duty of the lower court or tribunal on remand to comply strictly with the mandate of the appellate court. The trial court's opinion on remand was deficient because the trial court failed to follow the instructions of the Court of Appeals, which required the trial court to explain certain aspects of its ruling. The trial court erred by failing to comply with the specific directives of the Court of Appeals. Further, when allegations in the pleadings are contradicted by documentary evidence, the plaintiff may not rest on mere allegations but must produce admissible evidence of his or her prima facie case establishing jurisdiction. In this case, the trial court improperly construed the allegations in plaintiffs' pleadings as true even after Valero came forward with documentary evidence contradicting plaintiffs' allegations.

2. Jurisdiction over the person may be established by way of general personal jurisdiction or limited personal jurisdiction. Under MCL 600.711(3), general personal jurisdiction over a corporation may be based on the carrying on of a continuous and systematic part of the corporation's general business in the state. Taking into account the caselaw addressing the subject and the definitions of the words "continuous" and "systematic," courts in Michigan have general jurisdiction over a defendant if the defendant has a general plan for conducting business on a regular basis within the state. In this case, plaintiffs failed to establish the existence of general personal jurisdiction over Valero given the documentary evidence indicating that Valero was not registered to do business in Michigan, did not own or lease property in Michigan, did not have employees nor direct involvement in the provision of goods or services in Michigan, and that Valero had no association, ownership, or contact with the gasoline station alleged to have caused the contamination. Plaintiffs failed to plead or demonstrate an adequate alter ego relationship between Valero and its subsidiaries, and the mere suggestion that Valero was, in some manner, conjoined with various subsidiaries that operate in Michigan was not sufficient to establish general personal jurisdiction.

3. Under MCL 600.715, limited personal jurisdiction may be established by demonstrating the existence of certain relationships between a corporation or its agent and the state including (1) the transaction of any business in the state, (2) the doing or causing any act to be done, or consequences to occur, in the state resulting in an action for tort, (3) the ownership, use, or possession of any real or tangible personal property situated in the state, (4) contracting to insure any person, property, or risk located within the state at the time of contracting, and (5) entering into a contract for services to be performed or for materials to be furnished in the state by the defendant. If limited personal jurisdiction is authorized by the statute, the court must then determine if the exercise of jurisdiction would be consistent with the requirements of the Due Process Clause. In this case, plaintiffs failed to establish the existence of limited personal jurisdiction over Valero under MCL 600.715. There were no allegations that Valero contracted to insure anything in the state, or that Valero committed any specific act that resulted in an action for tort in the state. Although plaintiffs alleged that Valero owned property in Michigan, Valero submitted documentary evidence contradicting that allegation and plaintiffs failed to produce admissible evidence supporting their allegation. With regard to the transaction of business in the state or entering into a contract for services or

materials in the state, plaintiffs cited the work of Shay Wideman, whom plaintiffs alleged was affiliated with Valero, in remediating the contamination and the existence of Valero branded gasoline stations in the state. But the evidence only connects Wideman with subsidiaries of Valero, and plaintiffs failed to allege sufficient facts to pierce the corporate veil. Rather, the record indicated that Valero was a holding company without employees or direct involvement in the provision of goods or services.

Trial court's decision denying Valero's motion for summary disposition reversed.

JURISDICTION — GENERAL PERSONAL JURISDICTION — A CONTINUOUS AND SYSTEMATIC PART OF THE CORPORATION'S GENERAL BUSINESS.

Jurisdiction over the person may be established by way of general personal jurisdiction or limited personal jurisdiction; general personal jurisdiction over a corporation may be based on the carrying on of a continuous and systematic part of the corporation's general business in the state, and courts in Michigan, therefore, have general jurisdiction over a defendant if the defendant has a general plan for conducting business on a regular basis within the state; the mere suggestion that a corporation is, in some manner, conjoined with various subsidiaries that operate in Michigan is not sufficient to establish general personal jurisdiction (MCL 600.711).

*Williams Acosta, PLLC* (by *Avery K. Williams*), for Phillip Glenn, Terry Glenn, Gregory Lee, Laverne Lee, First Baptist World Changers International Ministries, and Lennell Caldwell.

*Dykema Gossett PLLC* (by *John A. Ferroli*, *Jill M. Wheaton*, and *T. L. Summerville*) for Valero Energy Corporation.

Before: METER, P.J., and JANSEN and WILDER, JJ.

WILDER, J. Defendant Valero Energy Corporation (Valero) appeals by delayed leave granted[1] the trial court's denial of Valero's motion for summary disposi-

[1] *Glenn v TPI Petroleum, Inc*, unpublished order of the Court of Appeals, entered March 2, 2012 (Docket No. 308636).

tion brought under MCR 2.116(C)(1) for lack of personal jurisdiction. We reverse.

This matter arises from the alleged contamination of plaintiffs' properties by leaky underground storage tanks located on property that was operated as a gasoline station at 22645 West Eight Mile Road, in Detroit, Michigan. Valero challenges the trial court's second denial of its motion for summary disposition brought pursuant to MCR 2.116(C)(1), following this Court's remand in *Glenn v TPI Petroleum, Inc*, unpublished order of the Court of Appeals, entered October 7, 2011 (Docket No. 305145). In remanding this case to the trial court, this Court stated, in relevant part:

> In ruling that it had specific (limited) personal jurisdiction under MCL 600.715, the trial court failed to determine if the exercise of jurisdiction was consistent with the requirements of the Due Process Clause of the Fourteenth Amendment. *Electrolines[, Inc] v Prudential Assurance [Co, Ltd]*, 260 Mich App 144, 167; 677 NW2d 874 (2003). Therefore, the matter is REMANDED to the trial court to conduct the proper analysis. In addition, the trial court shall provide further explanation as to the facts upon which it was relying upon to exercise jurisdiction under MCL 600.715 and identify the particular subsection upon which it relied, where Valero Energy Corporation provided a covenant deed with respect to the property in Benton Harbor, which established the property was not owned by Valero Energy, and provided an affidavit establishing that Shay Wideman was not an employee or agent of Valero Energy. The trial court shall also explain its statement that the companies for whom Wideman was working "all trace back" to Valero Energy Corporation, and why it is imputing Wideman's actions to Valero Energy and/or disregarding the corporate entities, especially where the complaint does not assert a claim to pierce the corporate veil. See *Foodland Distributors v Al-Naimi*, 220 Mich App 453, 456; 559 NW2d 379 (1996). [*Id.*]

On remand, the trial court again denied Valero's motion for summary disposition.

As recognized by this Court in *Yoost v Caspari*, 295 Mich App 209, 219; 813 NW2d 783 (2012):

> This Court reviews de novo a trial judge's decision on a motion for summary disposition. The legal question of whether a court possesses personal jurisdiction over a party is also reviewed de novo. This case also presents the legal question of whether the exercise of personal jurisdiction over a nonresident . . . is consistent with the notions of fair play and substantial justice required by the Due Process Clause of the Fourteenth Amendment, which we likewise review de novo. [Citations omitted.]

Specifically:

> When reviewing a trial court's decision on a motion for summary disposition brought under MCR 2.116(C)(1), the trial court and this Court consider the pleadings and documentary evidence submitted by the parties in a light most favorable to the nonmoving party. The plaintiff bears the burden of establishing jurisdiction over the defendant, but need only make a prima facie showing of jurisdiction to defeat a motion for summary disposition. The plaintiff's complaint must be accepted as true unless specifically contradicted by affidavits or other evidence submitted by the parties. Thus, when allegations in the pleadings are contradicted by documentary evidence, the plaintiff may not rest on mere allegations but must produce admissible evidence of his or her prima facie case establishing jurisdiction. [*Id*. at 221 (citations and quotation marks omitted).]

To the extent this case involves the interpretation and application of a statute, our review is de novo. The primary goal when interpreting a statute is to ascertain and give effect to the Legislature's intent. *Mich Ed Ass'n v Secretary of State* (*On Rehearing*), 489 Mich 194, 217-218; 801 NW2d 35 (2011). "The words con-

tained in a statute provide us with the most reliable evidence of the Legislature's intent." *Green v Ziegelman*, 282 Mich App 292, 301; 767 NW2d 660 (2009). If statutory language is unambiguous, the Legislature is presumed to have intended the plain meaning of the statute. *Fleet Business Credit, LLC v Krapohl Ford Lincoln Mercury Co*, 274 Mich App 584, 591; 735 NW2d 644 (2007). An unambiguous statute must be enforced as written. *Fluor Enterprises, Inc v Dep't of Treasury*, 477 Mich 170, 174; 730 NW2d 722 (2007).

I

Valero contends the trial court failed, on remand, to follow the instructions of this Court to explain aspects of its ruling. As discussed in *K & K Constr, Inc v Dep't of Environmental Quality*, 267 Mich App 523, 544-545; 705 NW2d 365 (2005):

> The power of the lower court on remand is to take such action as law and justice may require so long as it is not inconsistent with the judgment of the appellate court. When an appellate court remands a case without instructions, a lower court has the same power as if it made the ruling itself. However, when an appellate court gives clear instructions in its remand order, it is improper for a lower court to exceed the scope of the order. It is the duty of the lower court or tribunal, on remand, to comply strictly with the mandate of the appellate court. [Citations and quotation marks omitted.]

In vacating the original order denying summary disposition to defendant and remanding to the trial court, this Court specifically instructed the trial court to do the following:[2]

---

[2] *Glenn*, unpublished order of the Court of Appeals, entered October 7, 2011 (Docket No. 305145).

• Conduct a proper analysis and determine whether "the exercise of jurisdiction was consistent with the requirements of the Due Process Clause of the Fourteenth Amendment."

• Explain the facts the court relied on in exercising jurisdiction under MCL 600.715 and "identify the particular subsection upon which it relied" in light of the covenant deed submitted by Valero and the Wideman affidavit establishing that he was not an employee of Valero.

• Explain "its statement that the companies for whom Wideman was working 'all trace back' to Valero . . . , and why it is imputing Wideman's actions to Valero Energy and/or disregarding the corporate entities, especially where the complaint does not assert a claim to pierce the corporate veil."

In its November 23, 2011 order, the trial court cited *Electrolines* as articulating the applicable standard used to determine whether the exercise of jurisdiction is consistent with the Due Process Clause. Other than citing the *Electrolines* standard and identifying the three questions to be addressed in this analysis, the trial court did not indicate what evidence it relied on to answer the questions posed by this Court.

The majority of the trial court's opinion was simply a recitation of the evidence relied on by plaintiffs before Valero submitted various affidavits and documentation contradicting that evidence. While this recitation may be construed as an explanation of the factual basis for the trial court's determination to exercise jurisdiction, it remains deficient in that it did not, as ordered by this Court, identify the specific subsection of the applicable statute that it relied on to establish jurisdiction. Further, the remand order required the trial court to explain its findings in light of the covenant deed and affidavits provided by Valero. But without explanation,

the trial court continued to rely on the allegations made by plaintiffs before the submission of the covenant deed and Valero's affidavits. The trial court ignored the well-established rules pertaining to summary disposition, which were implied in the remand order from this Court. Specifically:

> The plaintiff bears the burden of establishing jurisdiction over the defendant, but need only make a prima facie showing of jurisdiction to defeat a motion for summary disposition. The plaintiff's complaint must be accepted as true *unless specifically contradicted by affidavits or other evidence* submitted by the parties. Thus, *when allegations in the pleadings are contradicted by documentary evidence, the plaintiff may not rest on mere allegations but must produce admissible evidence of his or her prima facie case* establishing jurisdiction. [*Yoost*, 295 Mich App at 221 (citations and quotation marks omitted; emphasis added).]

In the circumstances of this case, Valero came forward with documentary evidence to dispute plaintiffs' allegations, but the trial court incorrectly continued to construe the allegations in plaintiffs' pleadings as true. See *id.* at 222. See also *SSC Assoc Ltd Partnership v Gen Retirement Sys of Detroit*, 192 Mich App 360, 364; 480 NW2d 275 (1991) ("Opinions, conclusionary denials, unsworn averments, and inadmissible hearsay do not satisfy the court rule; disputed fact (or the lack of it) must be established by admissible evidence.").

Further, while the trial court, in a conclusory manner, determined that sufficient evidence existed to link Wideman to Valero, it did not explain, as required by this Court's order, how Valero was to be held legally liable and why the corporate entities could be "disregard[ed]," particularly when Wideman does not work for Valero and plaintiffs failed to plead the concepts or theories of vicarious liability, agency, alter ego, or pierc-

ing of the corporate veil. *Glenn*, unpublished order of the Court of Appeals, entered October 7, 2011 (Docket No. 305145).

" 'It is the duty of the lower court or tribunal, on remand, to comply strictly with the mandate of the appellate court.' " *K & K Constr, Inc*, 267 Mich App at 544-545, quoting *Rodriguez v Gen Motors Corp (On Remand)*, 204 Mich App 509, 514; 516 NW2d 105 (1994). The trial court erred by failing to comply on remand with the very specific directives of this Court.

II

Valero also challenges the trial court's determination regarding the existence of jurisdiction in this litigation. Addressing the concept of general personal jurisdiction, this Court has explained:

> [P]laintiff [bears] the burden of demonstrating that the trial court possessed personal jurisdiction over defendant[], although only a prima facie showing of jurisdiction was needed to defeat defendant['s] motion for summary disposition. Jurisdiction over the person may be established by way of general personal jurisdiction or specific (limited) personal jurisdiction.
>
> The exercise of general jurisdiction is possible when a defendant's contacts with the forum state are of such nature and quality as to enable a court to adjudicate an action against the defendant, even when the claim at issue does not arise out of the contacts with the forum state. When a defendant's contacts with the forum state are insufficient to confer general jurisdiction, jurisdiction may be based on the defendant's specific acts or contacts with the forum state. [*Electrolines*, 260 Mich App at 166 (citations omitted).]

In accordance with MCL 600.711, demonstration of the existence of any of the following relationships between a corporation and the state of Michigan provides a

sufficient basis for a court to exercise general personal jurisdiction over the corporation:

(1) Incorporation under the laws of this state.

(2) Consent, to the extent authorized by the consent and subject to the limitations provided in [MCL 600.]745.

(3) The carrying on of a continuous and systematic part of its general business within the state.

It is undisputed that Valero has not consented to the litigation and is not incorporated in the state of Michigan. Rather, plaintiffs contend that Valero conducts "a continuous and systematic part of its general business" in Michigan, MCL 600.711(3), which Valero denies. In support of their claim, plaintiffs rely on (1) a "Valero Map of Operations,"[3] indicating the presence of its "retail and branded wholesale network" in Michigan, (2) correspondence involving or authored by Wideman pertaining to access agreements for the contaminated sites by TPI Petroleum, Inc., and (3) several websites indicating Wideman held a management position with Valero.

Neither MCL 600.711, nor caselaw, has specifically defined what constitutes "a continuous and systematic part" of a corporation's general business. But courts have looked at whether the particular corporate entity has a physical location, officers, employees, or bank accounts in Michigan. See *Oberlies v Searchmont Resort, Inc*, 246 Mich App 424, 428; 633 NW2d 408 (2001). Of additional guidance are cases that have considered a corporation's conduct in soliciting and procuring sales and purchases within Michigan. See *Helzer v F Joseph Lamb Co*, 171 Mich App 6, 11; 429 NW2d 835 (1988); *Lincoln v Fairfield-Nobel Co*, 76 Mich App 514, 518; 257 NW2d 148 (1977); *Kircos v Goodyear Tire & Rubber Co*,

---

[3] Capitalization altered.

70 Mich App 612, 614; 247 NW2d 316 (1976). The United States Supreme Court has found it appropriate to exercise general jurisdiction over foreign corporations when it has been determined that "their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Goodyear Dunlop Tires Operations, SA v Brown*, 564 US ___, ___; 131 S Ct 2846, 2851; 180 L Ed 2d 796 (2011). In *Kircos v Lola Cars Ltd*, 97 Mich App 379, 386-387; 296 NW2d 32 (1980), this Court stated:

> Where the relationship to the state is too attenuated, jurisdiction is not present. A foreign corporation must actually be present within the forum state on a regular basis, either personally or through an independent agent, in order to be subjected to general personal jurisdiction.
>
> * * *
>
> A corporation is not "present" merely because goods that it has manufactured and sold are within a jurisdiction, absent an incident creating a limited jurisdiction . . . . The fact that the corporation knows that purchasers of its products will be continuously selling its products within a jurisdiction does not mean that it is carrying on a continuous and systematic part of its general business within the state . . . . The fact that this is done through an exclusive importer and distributor of its products does not mean that the importer and distributor is, per se, the corporation's alter ego: the establishment of such a relationship does not carry the legal significance of the vow "whither thou goest, I will go". We look rather to see if there were activities carried on in the corporation's behalf by those who are authorized to act for it. [Citations omitted.]

This Court may also consult dictionary definitions to determine the meaning of "a continuous and systematic part" of a corporation's general business as used in MCL 600.711(3). See *People v Lewis*, 302 Mich App 338, 342; 839 NW2d 37 (2013). The word "continuous" is

defined as "uninterrupted in time; without cessation[.]" *Random House Webster's College Dictionary* (2001). The word "systematic" is defined as "having, showing, or involving a system, method, or plan" and "given to or using a system or method[.]" *Id.* Thus, taking into account pertinent caselaw and these dictionary definitions, we conclude that courts in Michigan would have general jurisdiction over defendants if defendants had a general plan for conducting business on a regular basis within the state of Michigan.

Plaintiffs have not carried their burden to establish the existence of general jurisdiction in this matter. According to Valero's affidavits, it is a holding company and a Delaware corporation with its principal place of business in San Antonio, Texas. Valero is not registered to do business in Michigan, does not lease or own real property, and it has neither employees nor direct involvement in the provision of goods or services—in Michigan or elsewhere. Steve Gilbert, Valero's assistant secretary and its disclosure and compliance officer, also averred that Valero has no association, ownership, or contact with the Detroit gasoline station alleged to have caused the contamination, and that Wideman

> has never been assigned by his employer to do work for [Valero] or any of its predecessors, he has never been authorized by [Valero] or any of its predecessors to represent it or act for it, and he has never been authorized to hold himself out as its employee or agent.

In his own affidavit, Wideman also explained that he does not work for Valero, but instead, he is employed by Valero Services, Inc., which assigns him to work for subsidiaries of Valero, such as MRP, Michigan Reutilization, LLC, or TPI Petroleum, Inc., and Total Petroleum, Inc. Wideman's affidavit is consistent with the correspondence involving Wideman submitted by plaintiffs,

which connected him only to subsidiaries MRP and TPI, not Valero. Valero's assistant secretary explained that Valero has no ownership or shareholder interest in, or control over, those subsidiaries.[4]

Plaintiffs assert that any distinction between Valero and the various subsidiary corporations constitutes a "shell game" and a "sham." But, in accordance with *Avery v American Honda Motor Car Co*, 120 Mich App 222, 225; 327 NW2d 447 (1982):

> In Michigan, the test of a principal-agent relationship is whether the principal has the right to control the agent. . . . :
>
> > [I]t would seem appropriate, for the purpose of determining the amenability to jurisdiction of a foreign corporation which happens to own a subsidiary corporation carrying on local activities, to inquire whether the parent has the requisite minimum contacts with the State of the forum. Thus the ownership of the subsidiary carrying on local activities in Michigan represents merely one contact or factor to be considered in assessing the existence or non-existence of the requisite minimum contacts with the State of Michigan, but is not sufficient of itself to hold the present foreign corporations amenable to personal jurisdiction.
>
> [Citations omitted.]

Because "[t]he burden to prove jurisdictional facts is on the plaintiff" the mere suggestion in this litigation that Valero is, in some manner, conjoined with various subsidiaries that operate in Michigan is not sufficient to establish general personal jurisdiction. *Id.* Specifically,

---

[4] Although Wideman has an "@Valero.com" e-mail address, Valero Marketing and Supply Company owns and operates the Valero.com website—and any copyrighted materials associated with it—and owns the Valero registered trademark.

plaintiffs failed to plead or demonstrate an adequate "alter ego" relationship between Valero and its subsidiaries or that Valero had any control over the subsidiaries. In addition, as noted by the United States Supreme Court, "[f]low of a manufacturer's products into the forum . . . may bolster an affiliation germane to *specific* jurisdiction. But ties serving to bolster the exercise of specific jurisdiction do not warrant a determination that, based on those ties, the forum has *general* jurisdiction over a defendant." *Goodyear*, 564 US at ___; 131 S Ct at 2855 (citation omitted). "A corporation's continuous activity of some sorts within a state . . . is not enough to support the demand that the corporation be amenable to suits unrelated to that activity." *Id*. at ___; 131 S Ct at 2856 (quotation marks omitted), citing *Int'l Shoe Co v State of Washington, Office of Unemployment Compensation & Placement*, 326 US 310, 318; 66 S Ct 154; 90 L Ed 95 (1945). Therefore, in its initial order, the trial court correctly determined that it lacked general personal jurisdiction over Valero.

III

This does not, however, complete the inquiry as it remains to be determined whether Valero should be subject to limited personal jurisdiction. Limited personal jurisdiction is governed by MCL 600.715, which provides:

> The existence of any of the following relationships between a corporation or its agent and the state shall constitute a sufficient basis of jurisdiction to enable the courts of record of this state to exercise limited personal jurisdiction over such corporation and to enable such courts to render personal judgments against such corporation arising out of the act or acts which create any of the following relationships:

(1) The transaction of any business within the state.

(2) The doing or causing any act to be done, or consequences to occur, in the state resulting in an action for tort.

(3) The ownership, use, or possession of any real or tangible personal property situated within the state.

(4) Contracting to insure any person, property, or risk located within this state at the time of contracting.

(5) Entering into a contract for services to be performed or for materials to be furnished in the state by the defendant.

In the factual circumstances of this case, MCL 600.715(4) is not applicable.

This Court has explained that a "two-step analysis" is to be undertaken in determining whether a court may exercise limited personal jurisdiction. *Yoost*, 295 Mich App at 222-223. Specifically:

First, this Court ascertains whether jurisdiction is authorized by Michigan's long-arm statute. Second, this Court determines if the exercise of jurisdiction is consistent with the requirements of the Due Process Clause of the Fourteenth Amendment. Both prongs of this analysis must be satisfied for a Michigan court to properly exercise limited personal jurisdiction over a nonresident. Long-arm statutes establish the nature, character, and types of contacts that must exist for purposes of exercising personal jurisdiction. Due process, on the other hand, restricts permissible long-arm jurisdiction by defining the quality of contacts necessary to justify personal jurisdiction under the constitution. [*Id.* at 222-223 (citations and quotation marks omitted).]

As stated in *Oberlies*, 246 Mich App at 430, "Our Legislature's use of the word 'any' to define the amount of business that must be transacted establishes that even the slightest transaction is sufficient to bring a corporation within Michigan's long-arm jurisdiction." In turn, this Court has explained the "three-part test"

used to determine whether the exercise of limited personal jurisdiction "comports with due process[.]" *Yoost*, 295 Mich App at 223.

> First, the defendant must have purposefully availed itself of the privilege of conducting activities in Michigan, thus invoking the benefits and protections of this state's laws. Second, the cause of action must arise from the defendant's activities in the state. Third, the defendant's activities must be substantially connected with Michigan to make the exercise of jurisdiction over the defendant reasonable. [*Id.*, quoting *Mozdy v Lopez*, 197 Mich App 356, 359; 494 NW2d 866 (1992).]

Again, contrary to this Court's order on remand, the trial court failed to identify which subsection(s) of MCL 600.715 it relied on to establish limited personal jurisdiction. There is no dispute that the Detroit gasoline station that is alleged to be the source of contamination in this case has never been owned or operated by Valero. Significantly, plaintiffs' complaint does not contain any allegations of wrongful acts or ownership by Valero of the subject gasoline station. The complaint is also silent with regard to the theory or basis on which plaintiffs seek to hold Valero liable for the damages alleged. Necessarily, this precludes the establishment of limited personal jurisdiction under MCL 600.715(2), which requires, "The doing or causing any act to be done, or consequences to occur, in the state resulting in an action for tort." Again, plaintiffs' complaint is silent with regard to any specific act alleged to have been done by Valero that could be construed as "resulting in an action for tort."

Plaintiffs have also failed to establish liability under MCL 600.715(3), which concerns ownership of property within Michigan. In contesting Valero's motion for summary disposition, plaintiffs relied on a webpage for Valero, listing a property in Benton Harbor, Michigan for sale. In

its reply brief, Valero attached an affidavit made by Valero's assistant secretary, denying Valero's ownership of any property in the state of Michigan, and a covenant deed demonstrating that the Benton Harbor property is owned by MRP, not Valero. In addition, Valero contended it had no control over the webpage listing the Benton Harbor property for sale. Plaintiffs submitted no evidence in response. Where, as here, a defendant has come forward with documentary evidence specifically contradicting allegations made by the plaintiff, the plaintiff "may not rest on mere allegations but must produce admissible evidence of his or her prima facie case establishing jurisdiction." *Yoost*, 295 Mich App at 221. See also *SSC Assoc Ltd Partnership*, 192 Mich App at 363-364. In light of the documentary evidence submitted by Valero on the issue of property ownership in Michigan, plaintiffs have failed to establish limited personal jurisdiction over Valero under MCL 600.715(3).

The only bases remaining on which limited personal jurisdiction over Valero might have been established are MCL 600.715(1) ("The transaction of any business within the state.") and MCL 600.715(5) ("Entering into a contract for services to be performed or for materials to be furnished in the state by the defendant."). Plaintiffs assert that jurisdiction is appropriate under both of these subsections because of the work performed by Wideman in remediation of the contaminated site and his indication on various websites that he is affiliated with Valero. Plaintiffs further assert that various websites establish that Valero transacts business within the state because they show the existence of various Valero branded gasoline stations and the supplying of Valero branded products to the stations.

In support of these allegations, plaintiffs submitted items of correspondence authored by Wideman or for-

warded to him regarding remediation of the contaminated site. The correspondence only identifies Wideman with MRP and TPI, not Valero. Despite these designations, plaintiffs argue that the subsidiaries constitute the alter ego of Valero, justifying piercing of the corporate veil. Plaintiffs did not actually plead an alter ego theory or request the trial court to pierce the corporate veil of Valero in their pleadings. Arguably, by failing to raise the theories of vicarious liability and alter ego or piercing of the corporate veil in their pleadings, plaintiffs' contentions in this regard could have been dismissed for failure to state a claim. However, Valero only sought dismissal under MCR 2.116(C)(1) (lack of jurisdiction) and not in accordance with MCR 2.116(C)(8). See *Dutton Partners, LLC v CMS Energy Corp*, 290 Mich App 635, 642 n 3; 802 NW2d 717 (2010).

In addition, " 'to state a claim for tort liability based on an alleged parent-subsidiary relationship, a plaintiff would have to allege: (1) the existence of a parent-subsidiary relationship, and (2) facts that justify piercing the corporate veil.' " *Id.* at 642-643, quoting *Seasword v Hilti, Inc (After Remand)*, 449 Mich 542, 548; 537 NW2d 221 (1995). Plaintiffs have initially failed to establish the existence of a parent-subsidiary relationship. See *Dutton Partners, LLC*, 290 Mich App at 642. Further, plaintiffs have failed to allege sufficient facts to establish that the corporate veil should be pierced. This Court has explained in detail the reasons for piercing of the corporate veil and what must be demonstrated to justify that action. As stated in *Foodland Distrib*, 220 Mich App at 456-457:

> As a general proposition, the law treats a corporation as an entirely separate entity . . . . This fiction is a convenience, introduced to serve the ends of justice. However, when this fiction is invoked to subvert justice, it may be ignored by the courts. The traditional basis for piercing the

corporate veil has been to protect a corporation's creditors where there is a unity of interest of the stockholders and the corporation and where the stockholders have used the corporate structure in an attempt to avoid legal obligations.

There is no single rule delineating when the corporate entity may be disregarded. As the Court [has previously] held . . . , "[t]he entire spectrum of relevant fact forms the background for such an inquiry, and the facts are to be assessed in light of the corporation's economic justification to determine if the corporate form has been abused." More recently, this Court has upheld the following standard for piercing the corporate veil:

"First, the corporate entity must be a mere instrumentality of another entity or individual. Second, the corporate entity must be used to commit a fraud or wrong. Third, there must have been an unjust loss or injury to the plaintiff."

[Citations omitted.]

In the circumstances of this case, there has been no demonstration by plaintiffs that Valero is a "mere instrumentality of another entity . . . ." *Id.* at 457 (citations and quotation marks omitted). Factors used by courts to determine the propriety of piercing the corporate veil include: (1) whether the corporation is undercapitalized, (2) whether separate books are kept, (3) whether there are separate finances for the corporation, (4) whether the corporation is used for fraud or illegality, (5) whether corporate formalities have been followed, and (6) whether the corporation is a sham. *Laborers' Pension Trust Fund v Sidney Weinberger Homes, Inc*, 872 F2d 702, 704-705 (CA 6, 1988).[5]

---

[5] While the decisions of federal circuit courts are not binding, they may be persuasive. *Abela v Gen Motors Corp*, 469 Mich 603, 607; 677 NW2d 325 (2004).

Based on the record before us, we conclude that Valero correctly maintains that it is a holding company, without employees or direct involvement in the provision of goods or services. Plaintiffs have not come forward with any evidence or demonstrated that there has been a failure to maintain Valero's separate corporate identity through the comingling of funds with the relevant subsidiaries or that Valero controlled the decisions and actions of the other corporate entities. The only tangible indication of a relationship between Valero and the subsidiaries is the location of their offices at a shared address. While a corporate address may be shared, there is no evidence to indicate that separate corporate formalities have not been maintained. Despite having been afforded an opportunity to conduct additional discovery, plaintiffs have not come forward with any evidence to dispute Valero's affidavits or to substantiate the implication that justification exists to pierce Valero's corporate veil.

In addition, there is no activity on the part of Valero to demonstrate that it engaged or participated in any wrongful act. It is undisputed that Valero never owned or operated the subject property or gasoline station situated on it. Piercing of the corporate veil is appropriate only when a parent company is "abusing its corporate shield for its own purposes." *Dutton Partners, LLC*, 290 Mich App at 644. Given the absence of any wrongful conduct engaged in by Valero, there is no justification to pierce the corporate veil and, commensurately, no basis to assert jurisdiction under MCL 600.715(1) or (5).

Plaintiffs' failure to meet the initial requirement of establishing that limited personal jurisdiction exists under Michigan's long-arm statute, *Yoost*, 295 Mich

App at 222, renders the second inquiry—whether the exercise of jurisdiction comports with due process— unnecessary.

We reverse the decision of the trial court and remand the case for entry of summary disposition in favor of Valero and further proceedings not inconsistent with this opinion. Valero may tax costs. MCR 7.219.

METER, P.J., and JANSEN, J., concurred with WILDER, J.