*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

BROOKLYN OUTDOOR, LLC,

        Plaintiff-Appellant,

v

KATHERINE VANDERBUSH,

        Defendant-Appellee,

and

DAVID PIDGEON, ALEXANDRA GREER,
STELLAR OUTDOOR LLC, MOXIE OUTDOOR
INC., and SWAY OUTDOOR INC.,

        Defendants.

UNPUBLISHED
April 22, 2026
2:32 PM

No. 375401
Wayne Circuit Court
LC No. 19-012130-CB

Before: GADOLA, C.J., and MURRAY and M. J. KELLY, JJ.

PER CURIAM.

Plaintiff, Brooklyn Outdoor, LLC, appeals as of right the trial court's order on remand denying its motion to reopen discovery and granting defendant, Katherine Vanderbush, summary disposition of plaintiff's remaining breach of contract claim. We vacate the trial court's order and remand.

## I. FACTS

This case returns to this Court on a second appeal after remand to the trial court. See *Brooklyn Outdoor, LLC v Vanderbush*, unpublished per curiam opinion of the Court of Appeals, issued April 25, 2024 (Docket No. 363387). Plaintiff is an advertising broker engaged in the business of selling outdoor advertising space. In March 2014, plaintiff hired Vanderbush as an independent contractor to broker deals between clients seeking outdoor advertising and the vendors who own the locations where outdoor advertising appears. The parties entered into an Independent Contractor Agreement in which Vanderbush agreed to solicit, manage, and maintain

-1-

clients on plaintiff's behalf. The parties also executed a written Confidentiality, Non-Disclosure, Non-Solicitation, and Non-Compete Agreement. Relevant to this appeal, Section 3(b) of the non-compete agreement (NCA) states:

> 3. Contractor agrees that, for a period of one (1) year following the termination of her hire with Company, without regard to reason for termination or resignation, Contractor shall not, either alone or in association with others, directly or indirectly, whether as a proprietor, partner, director, officer, agent, salesperson, consultant, contractor or otherwise:
>
> * * *
>
> (b) accept hire by, or agreeing to provide advisory services to, any Partner or Prospective Partner of Company or having an economic interest in any entity, that engages in a business that competes with Company, unless Contractor establishes that she had no involvement with such business of Company and no knowledge of confidential information relating to such business of Company during her hire with Company[.]

According to Vanderbush, after she was hired plaintiff's "troubling business practices" impeded her ability to work effectively, and several vendors expressed to her their dissatisfaction with plaintiff's services. Vanderbush terminated her contract with plaintiff in May 2019 and established her own business, Sway Outdoor Inc., in June 2019. After Vanderbush's departure, certain vendors associated with plaintiff moved some of their business to Sway Outdoor Inc.

Plaintiff initiated this action by filing a complaint against Vanderbush and the other defendants alleging, among other claims, that Vanderbush breached her contract with plaintiff. Plaintiff moved for summary disposition under MCR 2.116(C)(10), arguing in part that there was no genuine dispute of material fact regarding defendants' liability under the contract.[1] Regarding Vanderbush's NCA, plaintiff asserted that the parties' signatures on the NCA evidenced its validity; plaintiff, however, did not address whether the NCA was enforceable. Vanderbush and the other defendants moved for summary disposition under MCR 2.116(C)(10), arguing in part that the NCA was unreasonable and therefore unenforceable.

The trial court granted Vanderbush and the other defendants summary disposition of plaintiff's claims. Plaintiff appealed the trial court's order. This Court affirmed most of the trial court's ruling but reversed the trial court's dismissal of plaintiff's claim alleging that Vanderbush violated the NCA. The trial court had concluded that plaintiff had failed to establish with certainty the amount of damages allegedly arising from Vanderbush's alleged violation of the NCA, which this Court determined was not a valid basis for summary disposition. *Brooklyn Outdoor, LLC*, unpub op at 12-13. In discussing this issue, this Court initially explained that noncompete agreements are enforceable only if they are reasonable, and also that the party seeking to enforce the clause bears the burden of establishing that the clause is valid:

---

[1] The remaining claim on remand related to Vanderbush only.

[D]efendants challenged the reasonableness of this noncompete provision, arguing before the trial court that the agreement was unreasonable, and thus unenforceable. Generally, a court "must assess the reasonableness of the noncompetition clause if a party has challenged its enforceability[,]" and the burden is on the party seeking to enforce the agreement to show that the clause is valid. *Coates v Bastian Bros, Inc*, 276 Mich App 498, 507-508; 741 NW2d 539 (2007). Here, defendants challenged the enforceability of the agreement, arguing that plaintiff had no protectable competitive business interest. Plaintiff did not respond to the argument and the trial court did not address it, which was in error. [*Id*. at 11.]

This Court remanded the matter to the trial court directing the trial court to "consider whether plaintiff has met its burden of showing that the noncompete clause is enforceable, and, if so, to what extent under the circumstances." *Id*. at 22.

On remand, plaintiff moved in the trial court to reopen discovery to obtain additional information relating to its claims against Vanderbush. At the hearing on the motion, plaintiff explained that it had learned of the existence of an additional company ostensibly controlled by Vanderbush and that the information sought was relevant to determine the extent of Vanderbush's violation of the NCA and the calculation of plaintiff's damages. The trial court denied plaintiff's motion, noting that the case had been pending for years, discovery previously had been completed, and that the case had been thoroughly briefed. The trial court then granted Vanderbush summary disposition on the issue of the enforceability of the NCA. In its order, the trial court stated:

> Reviewing the Court of Appeals' direction on remand, the Court grants Defendant's motion for summary disposition regarding the non-enforceability of Plaintiff's non-compete agreement without the need for oral argument.

On the record at the hearing on the discovery motion, the trial court reasoned that Vanderbush was entitled to summary disposition regarding the enforceability of the noncompete agreement because when the case was before the trial court initially, plaintiff failed to respond to Vanderbush's arguments that the NCA was unenforceable, thereby conceding the issue. The trial court thereafter denied plaintiff's motion for reconsideration. Plaintiff now appeals.

## II. DISCUSSION

Plaintiff contends that the trial court erred on remand by granting Vanderbush summary disposition without determining whether the NCA was enforceable as directed by this Court. We conclude that the trial court failed to discern the meaning of this Court's directive on remand.

On remand, the lower court is required to strictly comply with the appellate court's mandate if the appellate court gave clear instructions in its remand order. *Glenn v TPI Petroleum, Inc*, 305 Mich App 698, 703; 854 NW2d 509 (2014). We review de novo whether the trial court properly followed this Court's directive on remand. *Pioneer State Mut Ins Co v Wright*, 331 Mich App 396, 406; 952 NW2d 586 (2020).

MCL 445.774a(1) governs the enforceability of a contractual noncompete agreement. *Coates v Bastian Bros, Inc*, 276 Mich App 498, 506; 741 NW2d 539 (2007). MCL 445.774a(1) provides:

An employer may obtain from an employee an agreement or covenant which protects an employer's reasonable competitive business interests and expressly prohibits an employee from engaging in employment or a line of business after termination of employment if the agreement or covenant is reasonable as to its duration, geographical area, and the type of employment or line of business. To the extent any such agreement or covenant is found to be unreasonable in any respect, a court may limit the agreement to render it reasonable in light of the circumstances in which it was made and specifically enforce the agreement as limited.

Thus, under MCL 445.774a(1), which is a codification of Michigan's common law regarding the enforceability of noncompete agreements, such agreements are enforceable only to the extent that they are reasonable as to duration, geographical area, and type of employment. *Total Quality, Inc v Fewless*, 332 Mich App 681, 700; 958 NW2d 294 (2020). If a party challenges the enforceability of a noncompete clause, the trial court must assess the reasonableness of the clause. *Coates*, 276 Mich App at 507-508. The party seeking enforcement of the noncompete clause bears the burden of demonstrating the validity of the clause. *Id*. at 508.

In this Court's earlier opinion, we discussed with respect to Vanderbush's challenge to the enforceability of the NCA that "[p]laintiff did not respond to the argument and the trial court did not address it, which was in error." *Brooklyn Outdoor, LLC*, unpub op at 11. This Court then observed that the trial court had granted Vanderbush summary disposition of plaintiff's claim that Vanderbush had violated the NCA on the basis that plaintiff had failed to demonstrate its damages with sufficient certainty. This Court reversed the trial court's ruling in that regard explaining that the uncertainty of the damages was not an adequate basis to dismiss plaintiff's claim that Vanderbush violated the NCA. *Id*. at 13. Having already stated that the trial court erred by failing to apply a reasonableness analysis to the noncompete clause in light of Vanderbush's challenge to the clause, *id*. at 11, this Court then directed the trial court on remand to "consider whether plaintiff has met its burden of showing that the noncompete clause is enforceable, and, if so, to what extent under the circumstances," *id*. at 22.

On remand, the trial court determined that plaintiff had not met its burden of showing the validity of the noncompete clause because plaintiff failed to respond to Vanderbush's assertion that the NCA was unenforceable. The trial court concluded that plaintiff conceded that the noncompete clause was unenforceable by failing to respond to Vanderbush's challenge to the NCA's enforceability. The trial court, however, did not undertake on remand an analysis of the reasonableness of the noncompete agreement, the absence of which this Court had identified as an error in the trial court's original ruling. While we acknowledge that plaintiff has the burden to prove the enforceability of the noncompete clause, see *Coates*, 276 Mich App at 508, the trial court's failure to undertake a reasonableness analysis of the noncompete clause, citing the plaintiff's earlier failure to address the issue, overlooks the task for which this Court remanded. The trial court simply concluded that because plaintiff did not respond to defendant's motion for summary disposition concerning the reasonableness of the noncompete clause, this meant plaintiff had failed to meet its burden. But if this was all that was required, there would have been no need of a remand, as this Court could have examined the trial court record itself to observe what had occurred in response to the motion for summary disposition. It seems obvious to us that this Court

expected something much more than this to occur on remand, namely, full consideration of the reasonableness question.

We disagree, however, with plaintiff's contention on appeal that the trial court erred by denying plaintiff's motion to reopen discovery. On remand, plaintiff sought to reopen discovery to enable it to pursue whether Vanderbush was operating another business in 2019, which plaintiff argued would demonstrate a further violation by Vanderbush of the NCA. Plaintiff argued that the claims remaining before the trial court on remand were "the issue of Ms. Vanderbush's violation of her non-compete agreement and some related claims."

We review for an abuse of discretion the trial court's order denying discovery; an abuse of discretion occurs when the trial court's decision falls outside the range of principled outcomes. *Micheli v Mich Auto Ins Placement Facility*, 340 Mich App 360, 367; 986 NW2d 451 (2022). This Court instructed the trial court on remand to undertake a reasonableness analysis of the noncompete clause considering "whether plaintiff has met its burden of showing that the noncompete clause is enforceable, and, if so, to what extent under the circumstances." *Brooklyn Outdoor, LLC*, unpub op at 22. Plaintiff's request to reopen discovery to enable it to raise additional allegations that Vanderbush violated the NCA is an issue outside the scope of this Court's remand order. The trial court did not abuse its discretion by denying plaintiff's motion to reopen discovery to pursue an issue not within the scope of this Court's remand order. See *K & K Const, Inc v Dep't of Environmental Quality*, 267 Mich App 523, 544-545; 705 NW2d 365 (2005) ("When an appellate court gives clear instructions in its remand order, it is improper for a lower court to exceed the scope of the order").

Vacated and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Michael F. Gadola
/s/ Christopher M. Murray
/s/ Michael J. Kelly